61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Norence A. NELSON, Appellant,
v.
Marvin T. RUNYON, Jr., Postmaster General of the United
States Postal Service, Appellee.
 No. 95-1063.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 16, 1995.
Filed: July 20, 1995.
 
 Before BOWMAN, Circuit Judge; HEANEY, Senior Circuit Judge; and KYLE,* District Judge.
 PER CURIAM.
 
 
 1
 Norence A. Nelson commenced an action against Marvin T. Runyon, Jr., Postmaster General of the United States Postal Service, alleging that the Postal Service discriminated against him because of gender in violation of Title VII of the Civil Rights Act of 1964, as amended, and breached a settlement agreement with respect to one of the charges of gender discrimination. The district court granted the Postal Service's motion for summary judgment on the Title VII counts and dismissed the count alleging breach of the settlement agreement. We affirm.
 
 I. The Title VII Counts
 
 2
 Nelson applied for a postmaster position at Corder, Missouri. In September 1988 a female was selected for the position. Nelson did not file a complaint of discrimination against the Postal Service at that time. Nearly three years later, Nelson first asserted that the Postal Service's failure to hire him as postmaster was the result of gender discrimination. Title VII requires an aggrieved employee to submit a complaint within thirty days of the discriminatory act. 29 C.F.R. Sec. 1613.214(a)(1)(i) (1994). See Brown v. General Services Admin., 425 U.S. 820 (1976); Gardner v. Morris, 752 F.2d 1271 (8th Cir.1985). Because Nelson failed to file a timely complaint, his discrimination claim regarding the Corder position is barred. The district court properly granted summary judgment.
 
 
 3
 After the Corder position was not offered to him, Nelson applied for the postmaster position in Waverly, Missouri, in late 1988. Although he was named as a finalist, a female was selected to fill the position. Nelson filed a timely complaint with the Postal Service alleging that he had been discriminated against because of gender. In December 1989 Nelson and the Postal Service entered into a settlement agreement which provided that Nelson would receive other opportunities to gain administrative experience in exchange for Nelson withdrawing his complaint and agreeing not to bring a Title VII action.
 
 
 4
 In March 1991 Nelson wrote to the Postal Service claiming that it breached the settlement agreement because the management opportunities offered to him were unsatisfactory and less than promised. He later filed a formal complaint with the Postal Service in which he renewed his contention that the settlement agreement had been violated and alleged other acts of discrimination based on gender. The Postal Service found no violation of the settlement agreement.
 
 
 5
 Nelson then appealed to the Equal Employment Opportunity Commission (EEOC). On January 27, 1991, the EEOC affirmed the Postal Service's finding of no breach of the settlement agreement. It advised Nelson of his right to appeal the decision to the United States District Court within thirty days. Six months later, Nelson's complaint was filed in district court. The district court granted summary judgment in favor of the Postal Service on the breach of settlement agreement claim because Nelson failed to seek timely judicial review of this claim.
 
 
 6
 We agree that summary judgment was appropriate. Nelson settled his claims with the Postal Service. The EEOC found no breach of the settlement agreement. It is clear that Nelson waited beyond the limitations period before challenging the EEOC decision in district court.
 
 
 7
 Nelson attempted to revive the Corder and Waverly claims with arguments of estoppel, equitable tolling, and continuing violations. None of these arguments has merit.
 
 II. The Breach of Contract Count
 
 8
 Nelson also asserted, in Count IV of his complaint, that his pendent state law claim for breach of settlement agreement should have been independently resolved under Missouri contract law. The district court dismissed this claim because it believed that Title VII provides the exclusive remedy for breach of a settlement agreement involving gender discrimination under Title VII. See 29 C.F.R. Secs. 1613.217(b), 1613.214, and 1613.218; Brown, 425 U.S. at 835; Gergick v. Austin, 997 F.2d 1237 (8th Cir.1983). We need not decide in this case, however, whether Title VII provides the exclusive remedy. We decide only that where a claimant challenges compliance with a settlement agreement through the available Title VII procedures, he cannot thereafter pursue a claim under state law.
 
 
 9
 Nelson initiated his breach of the settlement agreement claim under Title VII procedures. He made a choice to pursue his remedy through EEOC channels and not under a state law breach of contract claim. Allowing him an opportunity to pursue a separate claim under state law would give him two chances to recover under the same breach of settlement claim. Accordingly, we agree that the breach of settlement claim was properly dismissed.
 
 
 10
 We hold that the district court properly granted summary judgment on the Corder and Waverly claims and dismissed the breach of settlement agreement claim.
 
 
 
 *
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation