**Joyce SWAFFORD and James Swafford, Plaintiffs/Appellants,**

v.

**UNITED STATES of America, Defendant/Appellee.**

**No. 92–5067.**

United States Court of Appeals, Tenth Circuit.

July 8, 1993.

Steven R. Hickman of Frasier and Frasier, Tulsa, OK, for plaintiff-appellant.

John C. Hoyle, Dept. of Justice, Washington, DC (Robert S. Greenspan, Dept. of Justice, Washington, DC, Tony M. Graham, U.S. Atty. and Stuart M. Gerson, Asst. U.S. Atty., Oklahoma City, OK, with him on the brief), for defendant-appellee.

. Before LOGAN, Circuit Judge, HOLLOWAY, Senior Judge, and BRIMMER *, District Judge.

BRIMMER, United States District Judge.

Joyce Swafford ("Swafford"), an employee of the Postal Service since 1986, alleges that she was sexually harassed by another postal employee and that the Postal Service failed to take appropriate steps to prevent or stop the sexual harassment. On April 10, 1990, Swafford filed a claim pursuant to the Federal Employees Compensation Act ("FECA") 5 U.S.C. §§ 8101–8151 (1988). On October 29, 1991, the Office of Workers' Compensation Programs, a division of the United States Department of Labor, issued an order finding that "the claimant's chronic depression was aggravated by [her federal] employment." FECA benefits were paid to Swafford· in accordance with that order.

In addition to her FECA claim, on June 25, 1990, Swafford filed an administrative claim pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671–2680 (1988). She was joined in the complaint by James Swafford, her husband, who alleged loss of consortium. The Postal Service denied these claims on August 3, 1990. Subsequently, on November 20, 1990, the Swaffords filed this action in federal district court, alleging that Joyce Swafford suffered mental and psychological injuries, lost wages, and expenses for medical and psychological care. James Swafford alleged loss of consortium of his wife. On February 24, 1992, the district court granted summary judgment to the United States on the grounds that Title VII is the exclusive remedy for sex discrimina-

---

* The Honorable Clarence A. Brimmer, District Judge, United States District Court for the Dis-   trict of Wyoming, sitting by designation.

tion, including sexual harassment. The Swaffords appealed.

The United States argues that the Swaffords' FTCA suit is barred because: (1) The Secretary of Labor's determination that FECA covers Joyce Swafford's injury precludes any action under the FTCA; (2) The Civil Service Reform Act and the Postal Reorganization Act provide the exclusive avenue for challenges to postal service personnel actions; and (3) Title VII provides the exclusive remedy for an action alleging sex discrimination. Any one of these arguments asserted by the government potentially bars the Swaffords' suit. This Court will address the first issue of whether a postal service employee alleging sexual harassment, who is covered under the FECA, is barred from bringing suit pursuant to the FTCA.

We review a grant of summary judgment de novo, applying the same legal standards used by the district court. *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128 (10th Cir. 1991) *cert. denied* —— U.S. ——, 112 S.Ct. 407, 116 L.Ed.2d 355 (1991). Questions of law are reviewed by this Court de novo. *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir.1988). Because we find that the Swaffords' suit is barred by FECA, it is not necessary to address the Title VII argument. Nonetheless, the district court properly granted summary judgment to the United States. Therefore, we affirm the district court's order.

## I.

The issue is whether Joyce Swafford's claim under the FECA bars this suit, which was brought pursuant to the FTCA. 5 U.S.C. § 8102 provides that "[t]he United States shall pay compensation ... for the disability ... of an employee resulting from personal injury sustained while in the performance of his duty...." 5 U.S.C. § 8116(c) provides in pertinent part that:

The liability of the United States or an instrumentality thereof ... with respect to the injury ... of an employee is **exclusive** and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse ... and any other person otherwise enti-

tled to recover damages from the United States or the instrumentality because of the injury ... in a direct judicial proceeding, **in a civil action ... or under a Federal tort liability statute.** (emphasis added).

This Court has previously interpreted 5 U.S.C. § 8116(c) in *Cobia v. United States,* 384 F.2d 711, 712 (10th Cir.1967) *cert. denied* 390 U.S. 986, 88 S.Ct. 1182, 19 L.Ed.2d 1290 (1968). We stated that "[w]hen application is made for FECA benefits, the determination of coverage is made by the Secretary of Labor or his designee and his finding is final and not subject to judicial review.... Acceptance of benefits under the FECA is an injured employee's exclusive remedy. *Id.* at 712 (emphasis added); *see also United States v. Martinez,* 334 F.2d 728, 729 (10th Cir. 1964); *Avasthi v. United States,* 608 F.2d 1059 (5th Cir.1979) ("The remedy provided by FECA, like that of most comparable statutes, is exclusive of any other remedy including FTCA"); *Jones v. Tennessee Valley Authority,* 948 F.2d 258, 265 (6th Cir.1991) ("[O]nce an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court"); *Griffin v. United States,* 703 F.2d 321, 322 (8th Cir.1983) ("Because Griffin's injury occurred in the performance of his duties as a federal employee, the FECA is his exclusive remedy").

The Supreme Court has also addressed the issue.

"FECA's exclusive-liability provision was enacted in substantially its present form in 1949.... It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise—the *"quid pro quo"*— commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."

*Lockheed Aircraft Corp. v. United States,* 460. U.S. 190, 193–94, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983). "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage.... Consequently, the courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies." *Southwest Marine, Inc. v. Gizoni,* — U.S. —, —, 112 S.Ct. 486, 493, 116 L.Ed.2d 405 (1991).

The appellant's only support for her contention that FECA does not bar her FTCA claim is *Sheehan v. United States,* 896 F.2d 1168 (9th Cir.1990) *amended by* 917 F.2d 424 (1990). However, we are not persuaded by appellant's argument or by the reasoning in *Sheehan.* In *Sheehan,* an Army civilian employee alleged that her supervisor sexually harassed her. Sheehan brought an FTCA action alleging negligent infliction of emotional distress. The district court stayed the FTCA action and deferred to the Secretary of Labor for a ruling on whether FECA covered Sheehan's nonphysical injuries. *Id.* at 1173. The Secretary found that FECA extended to Sheehan's claim for negligent infliction of emotional distress, but that her injury was not causally related to her employment. Accordingly, the district court dismissed her FTCA claim as being barred by FECA. *Id.*

The Ninth Circuit reversed, holding that a claim for emotional distress is not cognizable under FECA. *Id.* at 1174; *Guidry v. Durkin,* 834 F.2d 1465, 1471–72 (9th Cir.1987). Because a claim for emotional distress is not cognizable under FECA, FECA was not Sheehan's exclusive remedy. *Sheehan,* 896 F.2d at 1174 *citing Newman v. Legal Services Corp.,* 628 F.Supp. 535, 543 (D.D.C.1986).

The Ninth Circuit acknowledged the Secretary of Labor's jurisdiction over questions of "coverage in and of itself." *Id.* at 1174. This refers to questions involving the merits of the underlying compensation, for example, whether the injury occurred while the employee was on the job. *Id.* at 1173. However, the Ninth Circuit asserted its right to make a determination of whether a plaintiff's injury falls within the "scope of FECA's coverage." *Id.* at 1174.

In holding that a claim for emotional distress is not cognizable under FECA, the Ninth Circuit relied in part on *DeFord v. Secretary of Labor,* 700 F.2d 281, 290 (6th Cir.1983) (" '[t]he type of injuries covered in 5 U.S.C. § 8101(5) ... does not appear to include such claims as ... for discrimination, mental distress, or loss of employment.' " *quoting Sullivan v. United States,* 428 F.Supp. 79, 81 (E.D.Wis.1977)). However, the Sixth Circuit, in a later opinion, recanted the position taken in *DeFord,* referring to the above quoted language as "dictum." The Sixth Circuit stated that "the Secretary of Labor, not the Sixth Circuit, has the final say as to the scope of FECA." *McDaniel v. United States,* 970 F.2d 194, 196 (6th Cir. 1992).[1]

The Supreme Court has stated that "the question whether a statute precludes judicial review 'is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved.' " *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 779, 105 S.Ct. 1620, 1627, 84 L.Ed.2d 674, *quoting Block v. Community Nutrition Institute,* 467 U.S. 340, 345–46, 104 S.Ct. 2450, 2453–54, 81 L.Ed.2d 270 (1984).

---

1. Indeed, the Secretary of Labor has taken the position that emotional distress falls within the coverage of FECA. *In the Matter of Donna Faye Cardwell and Veterans Administration,* No. 90–325 (ECAB May 11, 1990) ("When an employee experiences an emotional reaction to his or her regular or special assigned employment duties or to a requirement imposed by the employment or has fear and anxiety regarding his or her ability to carry out his or her duties and the medical evidence established that the disability resulted from an emotional reaction to such situation, the disability is generally regarded as due to an injury arising out of and in the course of employment and comes within coverage of the [FECA]."); *In the Matter of Lilian Cutler and Department of Labor Office of Workers Compensation Programs,* 28 ECAB 125, 129–30 (1976) ("Where an employee experiences emotional stress in carrying out his employment duties, or has fear and anxiety regarding his ability to carry out his duties, and the medical evidence establishes that the disability resulted from his emotional reaction to such situation, the disability is generally regarded as due to an injury arising out of and in the course of the employment.")

"[W]hen Congress intends to bar judicial review altogether, it typically employs language [that is] unambiguous and comprehensive" such as 5 U.S.C. § 8128(b).[2] *Lindahl,* 470 U.S. at 779–80 n. 13, 105 S.Ct. at 1627 n. 13. "[T]he courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies." *Southwest Marine,* — U.S. at —, 112 S.Ct. at 493; *see also Cobia,* 384 F.2d at 712 ("[T]he determination of [FECA] coverage is made by the Secretary of Labor or his designee and his finding is final and not subject to judicial review"); *Griffin,* 703 F.2d at 321–22 (Provided the injury is of the type intended to be covered by FECA, the fact that no actual compensation was paid is irrelevant).

> If the Secretary determines that the injury did not occur in the performance of duty, FECA does not cover the injury, and the employee may proceed in court. On the other hand, if the employee was injured in the performance of duty, the Secretary's decision regarding coverage will be binding on the court, regardless of whether compensation is actually awarded.

*McDaniel v. U.S.,* 970 F.2d at 198.

We find the Sixth Circuit's reasoning in *McDaniel* to be consistent with *Cobia,* and we adopt it. The Secretary of Labor, not the Tenth Circuit, has the final say as to the scope of FECA.

Even if we found the reasoning in *Sheehan* to be sound, we nonetheless believe that it can be distinguished. In *Sheehan,* the Secretary of Labor found that FECA extended to a claim for negligent infliction of emotional distress, but that Sheehan's injury was not causally related to her employment. Therefore, no FECA benefits were paid. *Id.* at 1173. In this case, the Secretary of Labor also determined that FECA applies, but FECA benefits were paid.[3] Because Swafford received FECA benefits, she lost her right to sue the government. *Lockheed,* 460 U.S. at 193–94, 103 S.Ct. at 1036; *see also Cobia,* 384 F.2d at 712 ("Acceptance of benefits under the FECA is an injured employee's exclusive remedy"); *Castro v. United States,* 757 F.Supp. 1149, 1151 (W.D.Wash. 1991) (The district court distinguished *Sheehan* finding that because compensation for injuries was paid under FECA, "[p]laintiff Castro and her family are barred from receiving further compensation for these injuries on any other basis"). Accordingly, we find that the FECA is Mrs. Swafford's exclusive remedy, and that she is barred from bringing this claim pursuant to the FTCA.

[redacted] We also find that FECA precludes Mr. Swafford's claim for loss of consortium. 5 U.S.C. § 8116(c) provides that the United States' liability under FECA "is exclusive and instead of all other liability of the United States ... to the employee, his legal representative, spouse, dependents, next of kin, and any other person...." (emphasis added). Thus, FECA compensation to Joyce Swafford, a federal employee, precludes an FTCA action by her husband for "loss of ... consortium, services, companionship and society." *Underwood v. United States,* 207 F.2d 862, 863 (10th Cir.1953); *Lockheed,* 460 U.S. at 195–96, 103 S.Ct. at 1038 ("Section 8116(c) was intended to govern ... the rights of employees, their relatives, and people claiming through or on behalf of them").

Because we find that the Swaffords' suit is barred by FECA, it is not necessary for us to specifically review the district court's holding

2. 5 U.S.C. § 8128(b) provides that:
(b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
(1) final and conclusive for all purposes and with respect to all questions of law and fact; and
(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

3. The Ninth Circuit recognized that "a final decision by the Secretary 'allowing or denying a payment,' ... is not subject to judicial review." *Sheehan,* 896 F.2d at 1173. In this case, the Secretary clearly made a final decision allowing FECA payments to be made to Swafford. *See also McCall v. United States,* 901 F.2d 548, 550 (6th Cir.1990) *cert. denied* 498 U.S. 1012, 111 S.Ct. 580, 112 L.Ed.2d 585 (1990) ("Whether or not a particular injury is compensable under FECA is within the sole discretion of the Secretary of Labor, whose decisions are unreviewable."); *Heilman v. United States,* 731 F.2d 1104, 1110 (3d Cir.1984) ("The ultimate and conclusive arbiter [for determining FECA coverage] is the Secretary of Labor").

that Title VII is the exclusive remedy for sex discrimination, including sexual harassment. The district court properly granted summary judgment for the government. Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.