Clarence B. GERGICK,
Plaintiff–Appellant,

v.

Richard G. AUSTIN, Acting Administrator, of the General Services Administration; United States of America, Defendants–Appellees.

No. 92–3210.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1993.

Decided July 9, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 13, 1993.

Gwen J. Caranchini, Kansas City, MO, argued for plaintiff-appellant.

Gay L. Tedder, Asst. U.S. Atty., Kansas City, MO, argued (Jean Paul Bradshaw, U.S. Atty. and Alleen S. Castellani, Asst. U.S. Atty., on brief), for defendants-appellees.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

LOKEN, Circuit Judge.

Clarence B. Gergick is the Section Chief for Credit and Finance in the Accounts Receivables Branch of the General Services Administration (GSA) in Kansas City. After a lengthy series of disputes with his supervisors, Gergick filed two claims for corrective action with the Merit Systems Protection Board under the Whistleblower Protection Act (WPA), 5 U.S.C. § 1221(a). The MSPB ruled in Gergick's favor in both cases, and he was afforded significant relief, including back pay.

Gergick also commenced this damage action against the United States and GSA's Acting Administrator. Gergick alleged twenty acts of wrongful reprisal in violation of Title VII, 42 U.S.C. § 2000e–16(a), claiming that his superiors were upset because he supported his subordinates' equal employment opportunity complaints. He further alleged ten violations of his rights under the Privacy Act of 1974, 5 U.S.C. § 552a. Finally, he sought damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, 2679, for the emotional distress his supervisors intentionally inflicted upon him when they retaliated for his whistleblowing activities.

The district court[1] granted summary judgment dismissing Gergick's FTCA claims on the ground that the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1111 (codified in various sections of 5 U.S.C.), provides the exclusive remedies for these employment-related claims. Then, following a bench trial, the district court concluded in a thirty-seven page opinion that Gergick had failed to prove any violation of Title VII or the Privacy Act. Gergick appeals. We affirm.

Gergick first argues that the district court erred in refusing to give collateral estoppel effect to findings of fact contained in two MSPB Initial Decisions on his WPA administrative claims. However, the presumption favoring application of collateral estoppel to final administrative decisions is "properly accorded sway only upon legislative default, applying where Congress has failed expressly or impliedly to evince any intention on the issue." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, — U.S. —, —, 111 S.Ct. 2166, 2170, 115 L.Ed.2d 96 (1991). Congress intended that claims arising under Title VII be afforded a trial *de novo*. *See Chandler v. Roudebush*, 425 U.S. 840, 863–64, 96 S.Ct. 1949, 1960–61, 48 L.Ed.2d 416 (1976).[2] Consequently, the doctrine of administrative estoppel is inapplicable to Title VII claims. *See University of Tenn. v. El-*

---

1. The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri.

2. Gergick's contention that Title VII claimants were intended to be the sole beneficiaries of the right to trial *de novo* is simply wrong. *See Krem-*

*liott,* 478 U.S. 788, 796, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986).

■ Even if Title VII did not preclude the application of administrative estoppel, we agree with the district court's conclusion that estoppel was not appropriate in this case. The issue in the administrative proceedings—retaliation on account of whistleblowing—was different from the issue at trial—retaliation for EEO activities in violation of Title VII. The administrative findings Gergick would superimpose on this lawsuit concerned the period prior to enactment of WPA and thus were background in nature. In these circumstances, the district court did not err in electing to make its own findings on an appropriate trial record.

■ Gergick next argues that the district court erred in ruling that his FTCA claims are precluded by the CSRA. In *Premachandra v. United States,* 739 F.2d 392, 394 (8th Cir.1984), we held that the civil service laws provide the exclusive remedy for wrongful discharge from government employ, and therefore plaintiff's FTCA claim for mental anguish and other tort damages was precluded. The WPA was then enacted in 1989. In *Rivera v. United States,* 924 F.2d 948, 952 (9th Cir.1991), the Ninth Circuit followed *Premachandra* and further held that the WPA "does not authorize government employees to bring FTCA claims based on conduct for which redress is available under the CSRA." We agree with the Ninth Circuit's thorough analysis of this issue. Gergick's attempt to distinguish *Rivera* on the ground that he is trying to supplement rather than supplant the CSRA remedies is without merit. An exclusive remedial regime such as the CSRA may neither be supplemented nor replaced by other remedies. *See, e.g., United States v. Demko,* 385 U.S. 149, 152–53, 87 S.Ct. 382, 384–85, 17 L.Ed.2d 258 (1966).

■ Gergick also argues that the district court should have allowed him to pursue FTCA damages for emotional distress as a supplement to his retaliation claim under Title VII. This contention, too, is without merit. Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Serv. Ad-*

*min.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). Damages for emotional distress are not available under Title VII. *See Muldrew v. Anheuser-Busch, Inc.,* 728 F.2d 989, 992 & n. 2 (8th Cir.1984). The cases Gergick relies on—*University of Tenn. v. Elliott,* 478 U.S. at 796, 106 S.Ct. at 3225, and *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47–48, 94 S.Ct. 1011, 1019–20, 39 L.Ed.2d 147 (1974)—did not involve claims by federal employees.

Gergick's assertion that the district court erred in refusing to apply the Civil Rights Act of 1991 retroactively to his Title VII claims is foreclosed by our en banc decision in *Hicks v. Brown Group, Inc.,* 982 F.2d 295, 299 (8th Cir.1992), *petition for cert. filed* (Mar. 23, 1993).

Finally, Gergick argues that the district court's findings of fact leading to the rejection of his Title VII and Privacy Act claims are clearly erroneous. After carefully reviewing the record, we conclude that the record fully supports the district court's findings of fact, including its ultimate findings that Gergick failed to establish violations of Title VII or the Privacy Act. There was no clear error.

The judgment of the district court is affirmed.

*er v. Chemical Constr. Corp.,* 456 U.S. 461, 474, 102 S.Ct. 1883, 1893–94, 72 L.Ed.2d 262 (1982).