Edward KLESCEWSKI and Darla Klescewski, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 93–5058.

United States District Court,
D. South Dakota, W.D.

Nov. 12, 1993.

Dennis H. Hill, Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, SD, for plaintiffs.

Diana J. Ryan, Asst. U.S. Atty., Rapid City, SD, Joseph N. Kaster, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, DC, for defendant.

## ORDER GRANTING MOTION TO DISMISS

BATTEY, District Judge.

### PROCEDURAL HISTORY

This is a Federal Tort Claims Act (FTCA) action brought by plaintiff Edward Klescewski (Klescewski), a former Postal Service employee, and his wife, Darla Klescewski. The complaint characterizes the cause of action as one for intentional infliction of emotional distress. Klescewski alleges that during the course of his employment with the Postal Service, postal employees and supervisors, acting as agents of the United States, subjected him to a course of harassment and humiliation throughout the fall of 1991, thereby causing him to suffer an extreme disabling emotional distress. Darla Klescewski's claim is a derivative action of loss of consortium caused by the injury inflicted upon her husband.

The United States has moved to dismiss the plaintiffs' action, arguing that plaintiffs' sole remedy is through the Federal Employees' Compensation Act (FECA). 5 U.S.C. § 8101 *et seq.* The Court agrees.

### FACTS

Plaintiff Edward Klescewski is a Vietnam veteran and former Postal Service employee. Klescewski has suffered from post-traumatic stress disorder for a considerable length of

time. His employer knew of this condition throughout his employment.

In 1991, Klescewski suffered an ankle injury while delivering the mail. This injury and the surrounding claims by Klescewski led to a meeting between him and two postal inspectors. Klescewski was told he had cost the Postal Service a lot of money and trouble. Klescewski felt as though his job was in jeopardy because of his injury and its effect on his work.

Later in 1991, Klescewski was assigned an additional street on his delivery route. This addition became the source of further problems for him as he could no longer complete his route in eight hours. His supervisor criticized Klescewski for being too slow and accused him of having a "don't care" attitude. Again, this added stress to Klescewski's employment.

Finally, the effects of the Gulf War during this 1991 time period aggravated Klescewski's post-traumatic stress disorder to the point that, coupled with the abusive behavior he was receiving at work, he suffered an emotional breakdown. The breakdown necessitated an extended hospitalization and resulted in his retirement from the Postal Service.

On August 13, 1992, Klescewski filed an application for benefits under the FECA seeking compensation for his emotional condition allegedly caused or aggravated by his employment with the Postal Service. His claim was approved by the Secretary of Labor and he currently receives FECA benefits equal to 75 percent of his former Postal Service salary, tax free, in addition to payment of his medical bills. Klescewski and his spouse now seek further compensation under the FTCA for the emotional injury he suffered while working as a letter carrier.

## DISCUSSION

The United States filed a motion under Fed.R.Civ.P. 12(b)(1) to dismiss plaintiffs' complaint for lack of jurisdiction over the subject matter. In the Court's consideration of the motion, it has considered matters outside the pleadings. In considering a motion under Fed.R.Civ.P. 12(b)(1) the Court need not confine itself to an examination of the bare allegations of the complaint as is required when considering a motion under Fed.R.Civ.P. 12(b)(6). *See, e.g., Osborn v. United States,* 918 F.2d 724 (8th Cir.1990). In an abundance of caution the Court has considered converting the motion to a motion for summary judgment under Fed.R.Civ.P. 56; however, only a motion under Fed. R.Civ.P. 12(b)(6) may be so converted. Thus, the Court does decide the factual issues presented by the United States' motion. *Osborn,* 918 F.2d at 729. In such consideration, the plaintiffs, not the moving party, has the burden of proof. *Mortensen v. First Federal Savings & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977).

Plaintiffs' complaint might be sufficient to survive a facial attack. It is a straightforward allegation of intentional tort committed by the United States Postal Service, its agents and employees. The only hints of Klescewski's claim under FECA are two general allegations. In paragraph V it is alleged that he was an employee of the United States Postal Service. In paragraph VII it is alleged that "Edward Klescewski's disorder had been exacerbated [by] baseless threats of criminal prosecution in retaliation for his exercise of his rights *in filing workers' compensation claims for on-the-job injuries....*" (Emphasis supplied.) Thus, on its face, the Court is alerted to the fact that the FECA might apply to his claims.

The Court, however, need not dismiss the action by reason of its facial examination because the plaintiffs' complaint fails to survive a "factual" attack. In the "factual" examination the Court finds it unnecessary to conduct an evidentiary hearing because the facts are sufficiently developed.

The United States claims that plaintiffs' action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* is barred by the Federal Employees' Compensation Act (FECA) as FECA provides the exclusive remedy for federal employees injured on the job. The FECA provides in pertinent part:

The liability of the United States or an instrumentality thereof ... with respect to the injury ... of an employee is exclusive and instead of all other liability of the

United States or the instrumentality to the employee, his legal representative, spouse, ... and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury ... in a direct judicial proceeding, in a civil action ... or under a Federal tort liability statute.

5 U.S.C. § 8116(c).

The Supreme Court addressed the exclusivity of FECA in *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193–94, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983) by noting that

FECA's exclusive-liability provision was enacted in substantially its present form in 1949 ... It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise—the "quid pro quo"— commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

■ The Secretary of Labor or his designee makes all determinations concerning coverage of any particular injuries under FECA, and those determinations are not subject to judicial review. *See Swafford v. United States,* 998 F.2d 837, 839 (10th Cir.1993). Furthermore, "once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court." *Jones v. Tennessee Valley Auth.,* 948 F.2d 258, 265 (6th Cir.1991); *Griffin v. United States,* 703 F.2d 321 (8th Cir. 1983).

Klescewski has alleged an injury that resulted in an "extreme disabling emotional response" on his part. This type of emotional injury has been found by the Secretary to be potentially compensable under FECA on numerous occasions. *See McDaniel v. United States,* 970 F.2d 194 (6th Cir.1992); *Swaf-*

*ford,* 998 F.2d at 837 and cases cited therein. The *McDaniel* court noted that "the factors involved in the Secretary's decision do not include whether a claim for emotional distress is properly cognizable under FECA. The Secretary's position on that issue is not subject to doubt." *McDaniel,* 970 F.2d at 197. The position the Sixth Circuit referred to was that emotional distress claims are cognizable under FECA. *Id.* Finally, "[t]he Secretary's award of benefits conclusively establishe[s] the applicability of FECA." *Id.; Swafford,* 998 F.2d at 839.

In this case, Edward Klescewski has been receiving FECA benefits since the fall of 1992. This establishes not only the applicability of FECA to his alleged emotional injuries, but also the exclusive nature of FECA under 5 U.S.C. § 8116(c). "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage ... Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies." *Southwest Marine, Inc. v. Gizoni,* —— U.S. ——, ——, 112 S.Ct. 486, 493, 116 L.Ed.2d 405 (1991).

FECA also precludes Darla Klescewski's claim for loss of consortium. 5 U.S.C. § 8116(c) provides that the United States' liability under FECA "is exclusive and instead of all other liability of the United States ... to the employee, his legal representative, spouse, dependents, ..." (Emphasis added). Therefore, compensation under FECA to Edward Klescewski precludes a FTCA claim by Darla Klescewski for loss of consortium. *See Swafford,* 998 F.2d at 841; *Lockheed,* 460 U.S. at 197–98, 103 S.Ct. at 1038. In South Dakota a consortium claim is derivative in nature, the validity of which depends upon the validity of the main cause of action. *Selchert v. Lien,* 371 N.W.2d 791, 794 (S.D.1985).

Because FECA provides the plaintiffs' exclusive remedy [1] for their injuries, the Court lacks jurisdiction to hear the plaintiffs' FTCA

---

1. Whether plaintiffs may have an action under South Dakota law against the individual co-employee tortfeasors for the tort of intentional in-

fliction of emotional distress is a question which is not before the Court.

claim as coverage under FECA is established in this case.

The government raises an alternate ground for its motion that plaintiffs' FTCA claim is barred by the exclusive nature of the Civil Service Reform Act (CSRA). While the Court need not and does not reach this issue as consideration of FECA has proved dispositive, it appears that the CSRA would also bar the plaintiffs' FTCA claim and warrant granting of the motion to dismiss. In *Gergick v. Austin*, 997 F.2d 1237 (8th Cir.1993), the Eighth Circuit affirmed the district court's dismissal of the plaintiff's FTCA claim on the ground that the [CSRA] provides the exclusive remedies for these employment-related claims. The *Gergick* court also noted that "[a]n exclusive remedial regime such as the CSRA may neither be supplemented nor replaced by other remedies." *Id.* at 1239.

Accordingly, it is hereby,

ORDERED that the defendant's motion to dismiss is granted and this case is dismissed without prejudice.