USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2259 RALPH J. MILLER, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] ___________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Ralph J. Miller on brief pro se. _______________ Paul M. Gagnon, United States Attorney, and Gretchen Leah Witt, _______________ ___________________ Assistant United States Attorney, Chief Civil Division, on brief for appellees. ____________________ July 24, 1995 ____________________ Per Curiam. Pro se plaintiff Ralph Miller, a ___________ ___ __ former postal employee, filed this action under the Federal Tort Claims Act (FTCA) to recover workers' compensation benefits that the Department of Labor's Office of Workers' Compensation Programs (OWCP) denied him under the Federal Employees Compensation Act (FECA), 5 U.S.C. 8101 et seq. He __ ____ appeals a district court order that dismissed this action on the ground that Miller's claim is preempted by the FECA. We affirm the dismissal, but we prefer to rest our decision on the ground that Miller failed to satisfy the presentment requirements of the FTCA, 28 U.S.C. 2401(b). I. We begin with the relevant facts. Miller was employed by the United States Postal Service from approximately 1981 to 1992. On March 12, 1990, Miller filed a workers' compensation claim that alleged that he was suffering from depression as a result of the way his postmaster treated him.1 The OWCP denied Miller's claim on the ground that Miller failed to submit sufficient medical evidence to prove that his condition was caused by his employment. While Miller appealed this decision, he subsequently failed to appear at the hearing that the OWCP scheduled. Thereafter, Miller filed an administrative FTCA claim for "work-  ____________________ 1. Miller claimed that he first became aware that his depression was related to his employment on February 12, 1989. aggravated mental depression" with the Assistant General Counsel for the Postal Service. That claim sought damages equal to the amount that Miller claimed was due him in workers' compensation benefits. Thus, Miller filed an administrative claim under the FTCA to recover the workers' compensation benefits that the OWCP had denied him under the FECA. After more than six months passed without action by the Postal Service, Miller commenced this civil action under the FTCA.2  The government filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment.3 It argued that the district court lacked subject matter jurisdiction because Miller's FTCA suit was simply an attempt to redress the OWCP's denial of Miller's workers' compensation claim and judicial review of the OWCP's decision was prohibited by 5 U.S.C. 8128(b).4 Relying on McDaniel v. United States, 970 ________ _____________  ____________________ 2. 28 U.S.C. 2675(a) provides that the failure of an agency to make a final disposition of an administrative FTCA claim within 6 months after it is filed shall be deemed a final denial sufficient to authorize the filing of a FTCA suit against the United States.  3. Miller's original complaint named the Postal Service, the Department of Labor, and the OWCP as defendants. He later amended his complaint to substitute the United States (i.e., "the government") for the other named defendants. 4. 5 U.S.C. 8128(b) provides, in relevant part, that: The action of the Secretary or his designee in allowing or denying a payment -3- F.2d 194, 197 (6th Cir. 1992)(per curiam), the government further argued that the district court lacked subject matter jurisdiction despite the fact that Miller's FECA claim had been denied.5  Miller opposed the government's motion. He argued that the FECA does not cover emotional injuries such as those he sustained as a result of his postmaster's campaign of harassment against him.6 The district court concluded that the FECA does not encompass claims for emotional distress and denied the government's motion. The court based its decision on the FECA's definition of injury in 5 U.S.C. 8101(5)(which does not specifically refer to mental or emotional injuries), Sheehan v. United States, 896 F.2d 1168, amended, 917 F.2d _______ _____________ _______  ____________________ under this subchapter is - (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to judicial review by another official of the United States or by a court by mandamus or otherwise. 5. McDaniel held that where it was clear that the Secretary ________ of Labor viewed the plaintiff's emotional distress claim as cognizable under the FECA, the FECA barred the plaintiff's FTCA suit for intentional and negligent infliction of emotional distress even though the plaintiff had not been awarded FECA benefits. 6. Miller thus implied that his federal tort claim was based on the theory that his postmaster had subjected him to the intentional infliction of emotional distress. Miller also suggested that the OWCP had intentionally inflicted emotional distress upon him by denying his workers'compensation claim.  -4- 424 (9th Cir. 1990)(holding that 5 U.S.C. 8128(b) did not preclude district court from determining what types of injuries were covered by the FECA and that the FECA did not cover emotional distress claims) and numerous other cases.7  The government petitioned to take an interlocutory appeal from the district court's order, but this court denied that petition. Limited discovery followed.8 The government then filed a second motion to dismiss which asked the district court to reconsider its previous ruling in the light of recent decisions that had recognized the FECA's preclusive effect in cases involving emotional injuries.9 The  ____________________ 7. See, e.g., Guidry v. Durkin, 834 F.2d 1465, 1471-72 (9th ___ ____ ______ ______ Cir. 1987); Gergick v. Austin, 764 F. Supp. 580, 581-82 (W.D. _______ ______ Mo. 1991); Underwood v. United States Postal Service, 742 F. _________ ____________________________ Supp. 968 (M.D. Tenn. 1990); Metz v. United States, 723 F. ____ _____________ Supp. 1133, 1136 (D. Md. 1989); Newman v. Legal Services ______ ______________ Corporation, 628 F. Supp. 535, 543 (D.D.C. 1986); Sullivan v. ___________ ________ United States, 428 F. Supp. 79, 81 (E.D. Wis. 1977); Mason v. _____________ _____ District of Columbia, 395 A.2d 399 (D.C. 1978).  ____________________ 8. We note that Miller's motion to amend his complaint to specifically allege that the government intentionally inflicted emotional distress on him when it denied his workers' compensation claim was denied on the ground that such an amendment would be futile since Miller had failed to present this claim to the appropriate federal agencies in his administrative FTCA claim.  9. The government relied on Tarver v. United States, 25 F.3d ______ _____________ 900 (10th Cir. 1994); Figueroa v. United States, 7 F.3d 1405 ________ _____________ (9th Cir. 1993), cert. denied, 114 S. Ct. 1537 (1994); _____ ______ Swafford v. United States, 998 F.2d 837 (10th Cir. 1993); ________ _____________ Jones v. Tennessee Valley Authority, 948 F.2d 258 (6th Cir. _____ ___________________________ 1991); Klescewski v. United States, 843 F. Supp. 543 (D.S.D. __________ _____________ 1993); Castro v. United States, 757 F. Supp. 1149, 1151 (W.D. ______ _____________ Wash. 1991); and Cardwell v. United States, 1992 WESTLAW ________ ______________ -5- government also argued that Miller's suit was barred by the Civil Service Reform Act (CSRA) and the FTCA's presentment requirement. After Miller filed an opposition, the district court reversed its previous ruling and granted the government's motion to dismiss. Relying on McDaniel, supra, ________ _____ inter alia, the court held that Miller's FTCA suit for the _____ ____ intentional infliction of emotional distress was preempted by the FECA and that any other claims that might be read into Miller's complaint were barred by the CSRA.10 This appeal followed. II. We review the district court's dismissal for lack of subject matter jurisdiction de novo, mindful that Miller, as __ ____ the party invoking federal jurisdiction, has the burden of proving its existence. See Murphy v. United States, 45 F.3d ___ ______ _____________ 520, 522 (1st Cir.), cert. denied, 63 U.S.L.W. 3800 (U.S. _____ ______ June 19, 1995). He has failed to do so. Miller stresses on appeal that he seeks to recover for the intentional infliction of emotional distress in the handling of his workers' compensation claim. But it is clear that Miller  ____________________ 368495 (E.D. Pa. Dec. 4, 1992), aff'd, 6 F.3d 778 (3d Cir. _____ 1993)(Table), as well as numerous decisions of the Employment Compensation Appeals Board (ECAB) which indicated that the FECA can provide relief for claims of emotional or mental injury.  10. The court did not reach the government's arguments that Miller failed to satisfy the FTCA's presentment requirements. -6- never presented this claim to either the Postal Service or the OWCP within two years of the denial of his FECA claim. Rather, Miller's administrative FTCA claim focused on the mental injuries he allegedly suffered as a result of his work place atmosphere. Miller did not allege or describe anything approaching outrageous conduct in the handling of his workers' compensation claim. It is well settled that a plaintiff's FTCA claim will be "forever barred" absent the filing of a timely administrative claim with the appropriate federal agency. See, e.g., Gonzalez-Bernal v. United States, ___ ____ _______________ _____________ 907 F.2d 246, 248 (1st Cir. 1990). As Miller failed to file a timely administrative FTCA claim for the intentional infliction of emotional distress in the handling of his workers' compensation case, this claim is forever barred. Miller does not press on appeal the alternative basis for relief that he argued below, i.e., that he suffered the intentional infliction of emotional distress as a result of his former postmaster's conduct. Accordingly, this claim has been waived. See United States v. Zannino, 895 F.2d 1, 17 ___ _____________ _______ (1st Cir.), cert. denied, 494 U.S. 1092 (1990). Even if it _____ ______ were otherwise, this claim also fails for the lack of timely presentment. It is undisputed that Miller first became aware that his depression was work-related on February 12, 1989. He therefore had two years from that date, or until February 12, 1991, to file his administrative FTCA for the intentional -7- infliction of emotional distress by his former postmaster. Miller did not file such a claim until October 8, 1991. As the administrative FTCA claim was filed too late, this claim is also barred. We note that whether the FECA covers emotional injuries and, even if it does, whether Miller's FTCA action is barred despite the fact that he was not paid FECA benefits, are novel issues in this circuit. We recognize that cases such as McDaniel, Tarver, and Cardwell, supra, support affirmative ________ ______ ________ _____ answers to both questions. On the other hand, there is a considerable body of caselaw which indicates that the FECA does not apply to emotional injuries. See Sheehan and n. 7, ___ _______ supra. We find it unnecessary to take a position on these _____ important issues - which have not been well briefed by Miller.11 It is apparent that Miller's suit is barred under the FTCA. We are free to affirm on any independently sufficient ground made manifest by the record. See, e.g., ___ ____ Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990). _______ _______________ In view of our disposition, we need not address the government's contentions that the CSRA also bars Miller's  ____________________ 11. Rather, Miller argues that Martin v. Travelers Ins. Co., ______ __________________ 497 F.2d 329 (1st Cir. 1979), authorizes him to sue under the FTCA for the bad faith processing of his workers' compensation claim, and that Burke v. United States, 644 F. _____ _____________ Supp. 566 (E.D. La. 1986), also authorizes him to maintain this suit because he was denied FECA benefits. Neither case stands for the proposition for which Miller cites it. Moreover, the language that Miller purports to quote from Martin appears nowhere in that case.  ______ -8- claims. Accordingly, the judgment of the district court is affirmed.  _________  -9-