69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Joseph Patrick POYNTON, Appellant,
v.
NAMES FEDERAL OFFICIALS, in their individual capacity;
Donald M. Brewer; Romuald L. Buescher; James T. Stewart,
Col., U.S. Army; Santos Taglia; Marshall Reiss; John Doe
1, Safety Officer; Jane Doe 1, Civilian Personnel; Algy
Giles; Lois Maxwell; Gregory Swierczek; Barbara Pascal;
Helen Miller; Charles Ketcham, Jr.; Karl Wolf, M.D.;
William Usher; John D. McLellen, Jr.; Michael Walsh;
David Gerson; Willie Thomas; Michael Groom; Thomas R.
Moon, M.D.; Joseph M. Dooley, M.D., Appellees.
Joseph Patrick Poynton, Appellant,
v.
United States of America, and named Federal Officials in
their individual and official capacity; Dupree P.
Heard; Robert H. Garfield; Richard H.
Jenson, Appellees.
 Nos. 95-1385, 95-1862
 United States Court of Appeals,
 Eighth Circuit.
Submitted: Aug. 31, 1995
Filed: Sept. 8, 1995
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph P. Poynton filed these actions against numerous federal employees for violation of his constitutional rights in connection with his employment downgrade and denial of Federal Employees' Compensation Act benefits. Each of the district courts[1] declined to entertain Poynton's claims under Bivens.[2] Poynton appeals.
 
 
 2
 The district courts correctly concluded that federal employees have no right of action under Bivens for constitutional tort claims arising out of an aspect of federal employment, because Congress has provided the remedy of seeking relief through the Office of Special Counsel disciplinary process under the Civil Service Reform Act. See McIntosh v. Turner, 861 F.2d 524, 525-26 (8th Cir.1988); Spagnola v. Mathis, 859 F.2d 223, 228-29 (D.C.Cir.1988) (per curiam) (en banc). Similarly, federal employees cannot pursue such claims under the Federal Tort Claims Act. See Gergick v. Austin, 997 F.2d 1237, 1239 (8th Cir.1993), cert. denied, 114 S. Ct. 1536 (1994). Poynton's motions to supplement the record are denied.
 
 
 3
 Accordingly, we affirm the judgments of the district courts.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, and the Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)