F I L E D
United States Court of Appeals
Tenth Circuit

JAN 30 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

WILLIAM J. BRIGHTBILL;
GURVEST (JOE) CASTILLE;
ERNEST E. (BOB) JOSLIN; PAULA
D. PEEVY; JACQUELINE L.
TENORIO; LEE E. TRASTER;
RILEY J. WEBB; BLANCA
BRIGHTBILL; CLAUDIA E. HALL;
KYONG O. JOSLIN; KENNETH D.
MARTINEZ; JOHNNY PEEVY;
LUCILLE THERESA TRASTER;
CORDELIA WEBB,

        Plaintiffs - Appellants,

   v.

UNITED STATES OF AMERICA;
UNITED STATES POSTAL
SERVICE, agency of the United
States of America (USPS); UNITED
STATES POSTAL INSPECTION
SERVICE, agency of the United
States of America (USPIS);
WILLIAM HENDERSON, Postmaster
General for
the USPS; MARVIN RUNYON,
former Postmaster General, USPS;
KENNETH HUNTER, Chief Postal
Inspector, USPS; KARLA
CORCORAN, Inspector General,
USPS; MICHAEL HARRISON, Chief
of Labor Relations, USPS; H. J.
BAUMAN, Esq., Counsel, Office

No. 99-1554
(D.C. No. 98-D-2757)
(Colorado)

of the Chief Inspector USPIS; JEFFREY DUPILKA, Deputy Chief Inspector, Western United States, USPIS; CRAIG G. WADE, Vice President, Area Operations, Western Area Office, USPS; WALTER B. OLSEN, Manager, Operations Support, Western Area Office, USPS; RICHARD J. PIVOVAR, Manager, In-Plant Support, Western Area Office, USPS; DONNA A. GALLOWAY, Manager, Human Resources, Western Area Office, USPS, a/k/a General Mail Facility, Denver District, USPS; GEORGE A. BOETTGER, District Manager, Denver District, USPS; FRANK W. BEEBE, former Senior Plant Manager, Denver Processing and Distribution Center, a/k/a General Mail Facility, Denver District, USPS; MELVIN R. STENCEL, Manager, Human Resources, Denver District, USPS; MANUEL COBOS, Inspector-In-Charge, Rocky Mountain Division, USPIS; JOHN G. FREEMAN, former Inspector-In-Charge, Rocky Mountain Division, USPIS; EDWARD B. CORNELL, Postal Inspector, Rocky Mountain Division, USPIS, and Project Sponsor, (Denver, CO P&DC Security Upgrade Project); STEVEN J. JUHL, Manager, Finance, Western

Area Office, USPS; KEITH E. LASHIER, Manager, Facilities Service Office (FSO), Western Area Region, USPS; CRAIG BALLARD, Project Manager (Denver, CO P&DC Security Upgrade Project), Denver Facilities Service Office, Western Area, United States Postal Service, Denver, CO.; all in their individual capacities and in their official capacities as employees or official of the United States and specifically as an employees or officials of the United States Postal Service or in the United States Postal Inspection Service; and any other unknown and unnamed individuals who may be liable on the claims herein,

Defendants - Appellees.

## ORDER AND JUDGMENT [*]

Before **BRISCOE** , Circuit Judge, **McWILLIAMS** , Circuit Judge, and **JENKINS** ,[**] District Judge.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Bruce S. Jenkins, Senior District Judge, United States District Court for the District of Utah, sitting by designation.

On December 24, 1997, at about 7:00 a.m., David Jackson, a former employee of the United States Postal Service ("USPS") who was terminated in May, 1996, for threatening behavior, entered a back loading dock of the General Mail Facility, Denver, Colorado, a processing and distribution center for the USPS, looking for and apparently intending to kill, at gun point, a former supervisor. Not finding the former supervisor, Jackson, who was heavily armed, proceeded to take seven postal employees hostage, and held them hostage for about 10 hours, before he released them and surrendered to the police. [1] Following this incident, the seven postal employees who were held hostage received compensation benefits under the Federal Employees Compensation Act ("FECA"). 5 U.S.C. § 8101, *et seq.*

On December 21, 1998, the seven hostages, and their respective spouses, or significant others, ("the plaintiffs") filed suit in the United States District Court for the District of Colorado. A first amended 36-page complaint setting forth in great detail the background facts was later filed on April 19, 1999. In the amended complaint the 14 plaintiffs set forth 16 causes of action against 23 defendants, including a Title VII claim, based on 42 U.S.C. § 2000e, and a *Bivens* claim, based on *Bivens v. Six Unknown Named Agents,* 403 U.S. 388

---

[1]We understand that Jackson was charged and found guilty by a jury of several federal criminal charges and received a sentence of 37 years imprisonment.

(1971). Those are the only claims that we are concerned with in this appeal. A motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) was filed by the individually named employees of USPS on June 21, 1999, and a separate motion to dismiss was also filed on that same date by the federal entities named as defendants. On October 6, 1999, the district court held a hearing on the pending motions to dismiss and on November 22, 1999, entered a memorandum opinion and order wherein it granted the defendants' motions to dismiss and entered judgment in favor of all defendants on November 23, 1999.

In granting the federal entities' motion to dismiss, the district court stated that it was undisputed that the seven hostage plaintiffs received full benefits under FECA and that Section 8116(c) thereof provided the receipt of such benefits was the "exclusive remedy" that plaintiffs had against the United States and its agencies, citing *Swafford v. United States,* 998 F.2d 837 (10th Cir. 1993).

The *Bivens* claim was directed against the individually named defendants, and in granting their motion to dismiss the district court spoke as follows:

> I construe the Amended Complaint in a light most favorable to plaintiffs, which I must do in deciding a motion to dismiss. It appears that the plaintiffs are claiming a violation of substantive due process. However, I find that the law was not clearly established in December 1997 that, under the circumstances presented here, an employer must take affirmative steps over an indefinite period of time (here, one and one-half years), to prevent a former employee from breaking in at some unknown date and taking current employees

> hostage. This is true even if the employer possesses information that the former employee had, at some earlier date, made threats against current employees, and that violence had occurred at the employer's various facilities around the country.

In dismissing the plaintiffs' *Bivens* claim, the district court cited, *inter alia, Lawnmaster v. Ward,* 125 F.3d 1341 (10th Cir. 1997) and *Uhlrig v. Harden,* 64 F.3d 567 (10th Cir. 1995).

On appeal, the plaintiffs contend a Title VII claim is not barred by FECA, that under the law as it existed on December 24, 1997, the individual defendants did violate clearly established constitutional rights of the plaintiffs and that the allegations concerning such in the amended complaint were sufficient to defeat a motion to dismiss. The federal entities argue, on appeal, that the plaintiffs, in their response to the defendants' motion to dismiss, "voluntarily dismissed" their Title VII claim and that, accordingly, when the district court granted the motion to dismiss there was no Title VII claim before the court. As to plaintiffs' *Bivens* claim, the individual defendants argue here that the complaint itself indicates that they violated no clearly established constitutional rights, as such existed on December 24, 1997, of any of the plaintiffs.

## TITLE VII

On appeal, counsel argues that plaintiffs' Title VII claim against the entity defendants is not subject to the "exclusive remedy" rule set forth in 5 U.S.C. §

8116(c), citing *Miller v. Bolger,* 802 F.2d 660 (3rd Cir. 1986). The entity defendants, however, point out that counsel for plaintiffs in his response to their motion to dismiss "voluntarily dismissed" plaintiffs' Title VII claim, and that, accordingly, the Title VII claim had been abandoned at the time the district court granted their motion to dismiss. We agree with the entity defendants. In *O'Connor v. City and County of Denver,* 894 F.2d 1210, 1214 (10th Cir. 1990), we stated that "we do not consider on appeal issues not raised in the district court . . . and similarly we will not consider claims abandoned in the district court." In its dismissal order the district court made no mention of a Title VII claim, no doubt because plaintiffs had prior thereto voluntarily dismissed their Title VII claim. So, the district court did not dismiss, as such, plaintiffs' Title VII claim; rather the plaintiffs abandoned that claim in the district court, and we decline any suggestion that it be resurrected on appeal.

## BIVENS

As indicated, the plaintiffs alleged a *Bivens* claim against the individual defendants, and the defendants, in their motion to dismiss, raised the defense of qualified immunity. In *Breidenbach v. Bolish,* 126 F.3d 1288, 1291 (10th Cir. 1997), we stated that once a defendant raises the defense of qualified immunity, a plaintiff assumes the burden of showing that the defendant violated clearly established law, statutory or constitutional, of which a reasonable person would

have known, and must allege facts to show that the defendant's conduct violated that right.

In granting defendants' motion to dismiss plaintiffs' *Bivens* claim, the district court concluded that the plaintiffs had not alleged sufficient facts in their amended complaint to indicate that the defendants, as reasonable persons, should have known that they were somehow violating plaintiffs' substantive due process rights by not providing greater security at the USPS which presumedly would have prevented Jackson from taking them hostage. In this regard it would appear that at the time of the hostage taking, there was a postal police officer on duty, but, as indicated, Jackson entered the premises through an unsecured rear loading dock. The district court noted that the hostage taking occurred over a year and one-half after Jackson had been terminated. In this connection, we further note that there was apparently no "incident" involving Jackson trying to enter the USPS or harassing former fellow employees during the intervening year and a half. In any event, the district court held that the plaintiffs had not alleged sufficient facts in their amended complaint to show a violation of clearly established constitutional rights by the individual defendants, citing *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115 (1992); *Uhlrig v. Harder,* 64 F.3d 567 (10th Cir. 1995). In addition to the reasons given by the district court for granting defendants' motion to dismiss, we would also observe that there was no

"custodial relationship" between the seven hostages and any defendant, that Jackson was a so-called "third party," i.e., not an employee of the USPS, that the defendants did not "create or augment" any danger, and, under the circumstances described in the complaint, our conscience is not "shocked" by the defendants' alleged actions or inaction, nor are we convinced that the defendants otherwise acted "recklessly." In short, we are not inclined to disturb the district court's application of the law to the facts as alleged in plaintiffs' amended complaint. In this general connection, see also *DeAnzona v. City & County of Denver,* 222 F.3d 1229 (10th Cir. 2000); *Armijo v. Wagon Mound Pub. Sch.,* 159 F.3d 1253 (10th Cir. 1998); *Graham v. Independent Sch. Dist. No. I-89,* 22 F.3d 991 (10th Cir. 1994).

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge