**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BLAKE EDWARD HALFACRE,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 20-4101
(D.C. No. 1:19-CV-00038-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Blake Edward Halfacre, appearing pro se, appeals the district court's order

dismissing his complaint under the Federal Torts Claim Act ("FTCA") for lack of

subject-matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

Mr. Halfacre was working as an aircraft mechanic at Hill Air Force Base ("Air Force") in Utah, when, in January 2013, he injured his right shoulder in a slip and fall incident.  In February, he filed a claim with the Office of Workers' Compensation Programs ("OWCP") for compensation under the Federal Employee's Compensation Act ("FECA") for a closed dislocation of the right shoulder and a closed right acromioclavicular dislocation.  The OWCP accepted Mr. Halfacre's claim for his shoulder injury.

Following surgery to repair his shoulder, in May 2013, Mr. Halfacre's treating surgeon cleared him to return to light-duty work; upon his return, Mr. Halfacre was assigned to work that required no lifting whatsoever, primarily wiping off tables and countertops in the break room and filling out identification tags for parts.  In early June, the Air Force received a letter from a different medical provider, who indicated that he was treating Mr. Halfacre for a back injury and to "[p]lease limit [his] bending requirements and heavy lifting between 5-10 [pounds] until we are able to evaluate his recent back injury."  R., Vol. I at 223.  In July, Mr. Halfacre stopped work altogether and filed for total disability.

In August 2015, while he was on total disability, Mr. Halfacre filed a second claim for compensation with the OWCP.  According to Mr. Halfacre, he suffered several injuries, including emotional distress and depression, when: (1) he was forced to return to light-duty work; (2) his assigned duties violated the work restrictions noted by his medical providers; and (3) the Air Force falsified his work restrictions.

2

The OWCP refused to accept the claim because Mr. Halfacre did not submit any proof that the events occurred as he described them. On appeal, the Employees' Compensation Appeals Board ("ECAB") remanded the case to the OWCP with instructions to administratively combine Mr. Halfacre's second claim with the claim for his shoulder injury.

On remand, the OWCP accepted Mr. Halfacre's first claim for his injured shoulder as including, among several conditions, major depressive disorder and adjustment disorder related to the slip and fall. However, the OWCP denied Mr. Halfacre's second claim for an emotional condition related to his return to light-duty work because there was no probative evidence that he was required to perform work beyond the limitations expressed by his medical providers or that the Air Force falsified his work restrictions. The ECAB affirmed.

In the meantime, Mr. Halfacre filed a third claim with the OWCP. This time, Mr. Halfacre sought compensation for a shoulder injury from wiping off tables during his short tenure at work in June 2013. The OWCP denied the claim because Mr. Halfacre failed to establish that he suffered an injury. The record contains no evidence of an appeal.

Dissatisfied with the resolution of his second and third claims under the FECA, Mr. Halfacre tried for a second bite at the apple and sued the United States

under the FTCA.[1]  According to the allegation in the complaint, Air Force employees: (1) failed to properly document the work restrictions imposed by his treating medical providers; (2) failed to properly scrutinize work restrictions while he was on light-duty work; (3) negligently required him to perform work contrary to the orders of his treating medical providers; (4) made false statements regarding his work restrictions; (5) intentionally caused him to suffer emotional distress; and (6) acted or failed to act, which made the United States vicariously liable.  In other words, Mr. Halfacre sued under the FTCA for the same claims that had been previously adjudicated under the FECA.

The district court dismissed the complaint for lack of subject-matter jurisdiction.  Mr. Halfacre appeals.

## II.  DISCUSSION

### A.  Standard of Review

"We review de novo a dismissal for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)."  *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020).  "We review any findings of jurisdictional fact for clear error."  *Id.*  "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its

---

[1] By the time Mr. Halfacre filed suit in 2019, he had received more than $200,000 in disability compensation under the FECA, and the OWCP had covered more than $100,000 in medical expenses.

existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

## B.  The FECA

The FECA is a comprehensive workers' compensation scheme for federal civilian employees.  *See* 5 U.S.C. § 8102(a) ("The United States shall pay compensation . . . for the disability . . . of an employee resulting from personal injury sustained while in the performance of his duty . . . .").  The Act provides a wide range of benefits for covered work-related injuries, including compensation for lost wages, related medical costs, and vocational rehabilitation.  *See* 5 U.S.C. §§ 8103-8107.  Thus, when a federal employee's injury falls within the scope of the FECA, its administrative process controls and the employee may not sue the government under the FTCA seeking damages for the injuries.  *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 192-94 (1983) (citing 5 U.S.C. § 8116(c)); *see also Tippetts v. United States*, 308 F.3d 1091, 1094 (10th Cir. 2002); *Swafford v. United States*, 998 F.2d 837, 839 (10th Cir. 1993).

Central to the FECA's statutory scheme is the role of the Secretary of Labor, who has exclusive authority to administer FECA claims and to decide questions arising under that Act, including whether a claim is covered.  *See* 5 U.S.C. § 8145.  *See also Tippetts*, 308 F.3d at 1094; *Swafford*, 998 F.2d at 839.  The Secretary's decision to allow or to deny payment under that Act is "final and conclusive for all purposes and with respect to all questions of law and fact; and . . . not subject to

5

review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(1)-(2); *see also Swafford*, 998 F.2d at 839.

Indeed, the FECA "contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage. Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that [the] FECA applies." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991). This bar applies even when an employee is not entitled to any benefits, such as when the Secretary decides that an injury is not compensable under the FECA. *See Farley v. United States*, 162 F.3d 613, 616 (10th Cir. 1998); *Swafford*, 998 F.2d at 841.

Plainly, the district court here lacked subject-matter jurisdiction over the FTCA complaint, and Mr. Halfacre's arguments to the contrary are unavailing. First, Mr. Halfacre takes issue with the strength of the evidence on which his second and third claims were resolved and asks this court to re-examine the evidence and reach a different result. But we have no authority to conduct such a review. *See* 5 U.S.C. § 8128(b)(1)-(2).

Second, Mr. Halfacre suggests that he was not a federal employee when he returned to light-duty work in May 2013 because he was not given a federal job classification or wage code. We agree with the government that this argument is baseless. Mr. Halfacre filed his claims under the FECA as a federal employee, both the OWCP and ECAB recognized the claims as having been filed by a federal employee, and at a hearing in the district court on the government's motion to

6

dismiss, Mr. Halfacre's counsel acknowledged that he was a federal employee for purposes of determining FECA coverage. It is obviously too late, and inaccurate, for Mr. Halfacre to argue that he was not a federal employee.

## III. CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Joel M. Carson III
Circuit Judge