**Charles COBIA and Evelyn Cobia, husband and wife, Appellants,**

v.

**The UNITED STATES of America, Appellee.**

**No. 9276.**

United States Court of Appeals Tenth Circuit.

Oct. 30, 1967.

———◇———

Richard Richards, Ogden, Utah (Froerer, Horowitz, Parker, Richards, Thornley & Critchlow, Ogden, Utah, with him on brief), for appellants.

Robert E. Kopp, Washington, D. C. (Barefoot Sanders, Asst. Atty. Gen., William T. Thurman, U. S. Atty., Morton Hollander and J. F. Bishop, Attys., Dept. of Justice, Washington, D. C., with him on brief), for appellee.

Before PICKETT, HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Charles and Evelyn Cobia, husband and wife, appeal from a judgment in which the United States was given a non-suit in a Federal Tort Claims action.

Recovery is sought under 28 U.S.C. §§ 1346(b), 2671 et seq. for injuries sustained by appellant Charles Cobia in a motor vehicle collision at Hill Air Force Base in which the United States confessed negligence as the proximate cause of the collision. Mr. Cobia made application for and continues to receive compensation for injuries under the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq.

The court found that application for and the continued acceptance of compensation under the FECA foreclosed the appellants from recovering under the Federal Tort Claims Act. We agree.

Appellants argue that United States v. Udy, 381 F.2d 455 (10th Cir. 1967) determined that the collision out of which this claim arose was actionable under the Federal Tort Claims Act. It is true

the claims grew out of the same collision and this court determined the remedy under the Federal Tort Claims Act was available to Udy; however, Udy did not elect to proceed under the FECA and proceeded only under the Tort Claims Act, thereby giving the court an opportunity to exercise its judgment regarding the remedy.

When application is made for FECA benefits, the determination of coverage is made by the Secretary of Labor or his designee and his finding is final and not subject to judicial review. 5 U.S.C. §§ 8145, 8128(b). Acceptance of benefits under the FECA is an injured employee's exclusive remedy. 5 U.S.C. § 8116(c); Underwood v. United States, 207 F.2d 862 (10th Cir. 1953); United States v. Browning, 359 F.2d 937 (10th Cir. 1966).

Therefore, we affirm the trial court's determination that the appellants have no claim under the Federal Tort Claims Act because they have exercised a choice of procedure which denies review by the courts.

Affirmed.