**Gary W. HUDIBURGH, Jr.,
Plaintiff-Appellant,**

v.

**UNITED STATES of America and
Clifford Alexander, Jr., Secretary of
the Army, Defendants-Appellees.**

No. 78–2051.

United States Court of Appeals,
Tenth Circuit.

Argued July 11, 1980.

Decided Aug. 8, 1980.

Gary W. Hudiburgh, Jr., pro se.

Douglas N. Letter, Atty., App. Staff, Civ. Div., Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Joseph F. Dolan, U. S. Atty., Denver, Colorado, and Leonard Schaitman, Atty., App. Staff, Civ. Div.,

Dept. of Justice, Washington, D. C., with him on brief), for defendants-appellees.

Before SETH, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Appellant here appeals, pro se, from an order of dismissal of his complaint by the United States District Court for the District of Colorado. The complaint sought recovery under the Federal Tort Claims Act, 28 U.S.C. Section 2671 *et seq.* It also sought the issuance of a writ of mandamus to the Secretary of the Army requiring consideration of an administrative claim previously denied under the Military Claims Act, 10 U.S.C. Section 2733.

The basic injury giving rise to these claims occurred October 10, 1971. Appellant was then enrolled in the Reserve Officers Training Corps (ROTC) as a student at the Colorado School of Mines. While engaged in a regularly scheduled drill on the campus, he fell while carrying on a free body rappel allegedly without proper equipment. He further alleged that he fell down the cliff and was seriously injured.

The complaint was dismissed by the district court on October 17, 1978. The ground was the court's conclusion that a substantial question existed as to the applicability of the Federal Employees Compensation Act (FECA), 5 U.S.C. Section 8101 *et seq.* The opinion given was that the appellant was obligated to pursue this remedy prior to presentation of his Federal Tort Claims Act case; that exclusive primary jurisdiction existed in the Secretary of Labor. The trial court also found that the Military Claims Act did not apply and thus dismissed it.

The case of *Reep v. United States,* 557 F.2d 204 (9th Cir. 1977), cited by the trial court, held that "An injured federal employee may not bring an action under the [Federal Tort Claims Act] if there is a substantial question as to whether his injuries are covered under the [Federal Employees Compensation Act]. *Bailey v. United States, Through Department of Army,* 451 F.2d 963 (5th Cir. 1971); *Somma v. United States,* 283 F.2d 149 (3rd Cir. 1960)." 557 F.2d at 207.

Appellant here maintains that there is no substantial question as to question of coverage. Appellant claims that he was not, at the time of the accident, a federal employee or a member of the Reserve Officers Training Corps performing "field training" within the provisions of 5 U.S.C. Section 8140(a)(2).

The trial court was fully aware of the possibility that the Federal Employees Compensation Act remedy was viable. Nevertheless, it dismissed both claims so as to facilitate the appeal.

■ We agree that the complaint raised a substantial question as to FECA coverage. *Cf. Cobia v. United States,* 384 F.2d 711 (10th Cir. 1971), *cert. denied* 390 U.S. 986, 88 S.Ct. 1182, 19 L.Ed.2d 1290; *United States v. Udy,* 381 F.2d 455 (10th Cir. 1967); *United States v. Browning,* 359 F.2d 937 (10th Cir. 1966); *United States v. Martinez,* 334 F.2d 728 (10th Cir. 1964). Certainly, the facts call for initial presentation to the Secretary of Labor.

■ We agree also with the trial court's disposition of the mandamus claim. Mandamus is not intended to be used for unliquidated money damages. We are of the opinion that pending the pursuit of the Federal Employees Compensation Act claim, the Tort Claims Act case should stand abated, the only other modification that we would be inclined to make. We do this because we believe that this FECA right should be pursued before the FTCA claim.

The procedure which we in effect prescribe is set forth by the Fifth Circuit in *Concordia v. United States Postal Service,* 581 F.2d 439 (5th Cir. 1978).

Accordingly, the cause is remanded to the district court with directions to reinstate the Tort Claims Act and order it held in abatement pending the pursuit of the claim under the FECA.

It is so ordered.