Laverne TARVER, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 93–1388.

United States Court of Appeals, Tenth Circuit.

May 18, 1994.

Hugh S. Pixler of Gregson Law Offices, Denver, CO, for plaintiff-appellant.

Frank W. Hunger, Asst. Atty. Gen.; James R. Allison, Interim U.S. Atty.; Robert S. Greenspan, Peter R. Maier, Attys., Appel-

late Staff, Civ. Div., Dept. of Justice, Washington, DC, for defendant-appellee.

Before BALDOCK and McKAY, Circuit Judges, and BROWN,[*] District Judge.

McKAY, Circuit Judge.

Plaintiff Laverne Tarver appeals from an order of the district court dismissing her case pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction. We reverse.[1]

Plaintiff commenced this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), seeking damages for the death by suicide of her husband. Plaintiff claimed her husband, a federal employee, died as a result of various negligent acts and outrageous conduct of defendant as evidenced by a supervisor who harassed and intimidated her husband.

Pursuant to the government's motion, the court stayed the action pending a determination by the Secretary of Labor as to whether the claim was compensable under the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101–8193. After the Secretary announced his decision, the district court dismissed the case. The court held that the Secretary had accepted jurisdiction over plaintiff's claim as one falling under FECA, but that plaintiff had failed to prove her claim on the merits so as to be awarded benefits.

On appeal, plaintiff argues the district court erred in holding the Secretary had determined plaintiff's claim was encompassed by FECA and, that in doing so, had also implicitly reached the merits. Plaintiff argues the Secretary did not reach the merits of her claim, but instead determined only that her claim did not fall within the provisions of FECA.

"We review the district court's ruling as to defendant's motion to dismiss de novo." *Steele v. United States,* 19 F.3d 531, 532 (10th Cir.1994).

Plaintiff's husband was an electrician with the Veterans Administration from 1982 until 1990 when he was retired due to a physical disability. Eleven days after his retirement, plaintiff's husband committed suicide by gunshot. His blood alcohol level at the time of death was .436, well above the level of legal intoxication. Plaintiff alleged her husband was led to commit suicide because of the actions of his supervisor who verbally abused him, forced him to perform menial and degrading tasks, checked on his work as a means of intimidation, and wrongfully obtained his termination by denying him proper procedures and forcing his retirement. Plaintiff also alleged the supervisor was negligently supervised.

■ Any liability imposed on the United States involving the injury or death of an employee is to be determined exclusively under FECA. *See* 5 U.S.C. § 8173. However, FECA only applies to injuries incurred by an employee "while in the performance of his duty." 5 U.S.C. § 8102(a).[2] To have occurred "in the performance of duty," the injury or death must have "aris[en] out of and in the course of employment." *Chin v. United States,* 890 F.2d 1143, 1145 (Fed.Cir. 1989).

■ If a plaintiff brings an action in federal court, but a question exists as to whether FECA might cover the claim, the court must stay its proceedings pending the final decision of the Secretary of Labor regarding FECA coverage. *See McDaniel v. United States,* 970 F.2d 194, 198 (6th Cir.

---

[*] Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2] The United States shall pay compensation ... for the disability or death of an employee resulting from personal injury sustained while *in the performance of his duty* unless the injury or death is—

(1) caused by willful misconduct of the employee;

(2) caused by the employee's intention to bring about the injury or death of himself or of another; or

(3) proximately caused by the intoxication of the injured employee.

5 U.S.C. § 8102(a) (emphasis added).

1992). If the Secretary determines the employee was injured in the performance of duty, the Secretary's decision is binding on the court, regardless of whether compensation is actually awarded, and the court action must be dismissed. *See id.; see also* 5 U.S.C. § 8128(b).[3] If the Secretary determines the injury did not occur in the performance of duty, FECA does not preempt the court action and the employee may proceed under the FTCA. *McDaniel,* 970 F.2d at 198.

■ Two questions are presented when the issue of FECA applicability arises. "The first question is whether FECA covers a particular type of injury." *Figueroa v. United States,* 7 F.3d 1405, 1407 (9th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1537, 128 L.Ed.2d 190 (1994). This question is one of the " 'scope of coverage.' " *Id.* (quoting *Sheehan v. United States,* 896 F.2d 1168, 1174 (9th Cir.), *amended on other grounds,* 917 F.2d 424 (1990)). Arguably, FECA covers the type of injury plaintiff alleged. FECA "contemplates coverage for a condition produced over a long period of time by 'stress.' " *Id.* at 1408 (citing 20 C.F.R. § 10.-5(a)(16) (occupational disease or illness is condition produced in a work environment over period of time by such factors as continued or repeated stress or strain)). FECA coverage can also be found for "delayed action" injuries. *Concordia v. United States Postal Serv.,* 581 F.2d 439, 441 and n. 10, 442 (5th Cir.1978). Therefore, the district court properly stayed its action pending determination of coverage by the Secretary.

■ "The second question is whether a plaintiff is entitled to compensation under the facts of a particular event. This question requires a determination of such facts as ' "whether the injury ... occurred while the employee was on the job." ' This is a question of 'coverage in and of itself.' " *Figueroa,* 7 F.3d at 1407–08 (citations omitted).

The Secretary is charged with making this determination. Here, the Secretary stated that plaintiff had failed "to establish that the injury occurred in the performance of duty." Plaintiff's App. at 52.

■ The issue here is what the Secretary intended by this statement.[4] The district court held that the Secretary had determined plaintiff's claims were covered by FECA and had accepted jurisdiction, but that no benefits would be awarded because plaintiff had failed to "show an adequate causal relationship between the decedent's employment and his death." *Id.* at 115. The court further stated:

[I]t is clear that the only basis upon which the plaintiff can recover here is to show that her husband was driven to suicide by the conduct of his supervisors and others in the course of his employment. Accordingly, the proof would require proof that his emotional injury which resulted in his death arose in the course of his employment. That is the scope of the coverage of FECA.

*Id.*

Alternatively, the Secretary's statement may be interpreted as declining to accept jurisdiction over plaintiff's claim because it did not fall under FECA. The Secretary requested that plaintiff provide information showing a direct link between her husband's employment and his "compulsion to commit suicide" in order to show the suicide occurred in the performance of decedent's duty. *Id.* at 53. The Secretary requested medical information concerning the decedent's state of mind, and an explanation as to "how and why prior compensable work factors led to the compulsion to commit suicide," including an explanation of why decedent's "excessive level of intoxication was not the factor which impaired the decedent's judgment." *Id.* at 53–54.

**3.** The action of the Secretary or his designee in allowing or denying a payment ... is—
(1) final and conclusive for all purposes and with respect to all questions of law and fact; and
(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

**4.** In this discussion, we emphasize that we are not reviewing the Secretary's determination. This we may not do. *See Cobia v. United States,* 384 F.2d 711, 712 (10th Cir.1967), *cert. denied,* 390 U.S. 986, 88 S.Ct. 1182, 19 L.Ed.2d 1290 (1968). Instead, our discussion is aimed at discerning the meaning and intent of the decision announced by the Secretary.

The Secretary concluded the information provided did not show the suicide arose "from the decedent's performance of duties." *Id.* at 54. He found that many events listed by plaintiff were administrative matters not compensable under FECA. *Id.* The Secretary noted:

"Workers' Compensation is not applicable to each and every injury or illness that is somehow related to an employee's employment.... Where the disability results from an employee's emotional reaction to · employment matters but such matters are not related to the employee's regular or specially assigned work duties or requirements of the employment, the disability is generally regarded as not arising out of and in the course of employment and does not fall within the coverage of the Act."

*Id.* at 54 (quoting *Cardwell,* No. 90–325, ECAB (Employees' Compensation Appeals Board)). Further, "[a]n employees [sic] thoughts or perceptions regarding another's motives are not compensable." *Id.* at 55.

The Secretary denied plaintiff's claim "for the reason that the suicide did not arise in and out of the performance of duties. The factors/events which the decedent may have found frustrating or viewed as stressful were self-generated perceptions and/or reactions to administrative matters and such factors are not compensable." *Id.* at 56.

The Secretary's holding is ambiguous. In light of the clear language of the statute, *see Clark v. Balcor Real Estate Financial, Inc. (In re Meridith Hoffman Partners),* 12 F.3d 1549, 1556–57 (10th Cir.1993), it appears that the Secretary was determining only the jurisdictional issue and did not reach the merits of plaintiff's claim. However, the district court's interpretation of the Secretary's decision is equally credible. Therefore, we prefer to allow the Secretary to tell the court whether or not he accepted jurisdiction.

The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED to the district court for further remand to the Secretary for clarification of his opinion. If the Secretary accepted jurisdiction, but denied benefits on the merits, the district court should dismiss this action. *See Swafford v.*

*United States,* 998 F.2d 837, 841 (10th Cir. 1993) (citing *Sheehan,* 896 F.2d at 1173, as instance where Secretary held that FECA extended to plaintiff's claim, but injury was not causally related to plaintiff's employment and FECA benefits were not awarded). If the Secretary did not accept jurisdiction, the district court should proceed with plaintiff's FTCA claim. *See McDaniel,* 970 F.2d at 198 (if Secretary determines injury did not occur in performance of duty, FECA does not apply, and employee may proceed in court); *Concordia,* 581 F.2d at 442, 444 (if Secretary finds no FECA coverage, plaintiff is free to proceed under FTCA).