**Lester DANIELS, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Civil Action No. 95–2475–KHV.**

United States District Court,
D. Kansas.

March 4, 1996.

James W. Jeans, Kansas City, MO, for plaintiff.

Christina L. Morris, Office of United States Attorney, Kansas City, KS 66101, for defendant.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

This matter is before the Court on *Defendant's Motion to Dismiss Pursuant To Fed. R.Civ.P. 12(b)(1), Or Alternatively, Pursuant to 12(b)(6)* (Doc. # 6) filed January 4, 1996. Defendant moves for an order dismissing plaintiff's Federal Torts Claim Act (FTCA) complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Defendant argues that plaintiff's FTCA claim is barred by the Federal Employees Compensation Act (FECA) which is the exclusive remedy for federal employees who sustain injuries while in the performance of their duties.

FACTS

The United States Department of Transportation, Federal Aviation Administration (FAA) employed plaintiff at facilities located in Olathe, Kansas. Defendant, United States of America, employed flight surgeons for the purpose of administering yearly physical ex-

aminations of FAA employees. From 1976 until 1993, the flight surgeons conducted annual physical examinations on plaintiff which included tests for intraocular tension as required by plaintiff's position as an air traffic controller.

In October, 1993, an independent physician examined plaintiff and diagnosed a condition of glaucoma which caused permanent injury to the optic nerve. In June, 1994, plaintiff obtained his medical records from the FAA and discovered that his history of high intraocular tension, indicative of glaucoma, had been documented in his annual physical examination records since 1976.

Plaintiff claims that defendant, through its agents, failed to diagnose the glaucoma or perform necessary tests for diagnosis. As a result, plaintiff did not receive timely treatment and sustained irreversible optic nerve damage and partial loss of vision.

On January 3, 1995, plaintiff submitted a claim for $500,000 to the FAA which rejected the claim by a letter postmarked April 27, 1995. On October 17, 1995, plaintiff filed this suit under the FTCA, 28 U.S.C. §§ 2671 et seq.

### DEFENDANT'S MOTION TO DISMISS OR STAY

Defendant points out that plaintiff's stated cause of action arises from his employment by the United States. The alleged injury occurred during physical examinations that were required as part of plaintiff's employment and resulted from actions of employees of the United States within their scope of employment. Defendant argues that plaintiff's claimed injury falls under the exclusive jurisdiction of the FECA.

If plaintiff's claim falls within the FECA, then the Court does not have subject matter jurisdiction as a matter of law. Congress made FECA the exclusive remedy for claims that fall under its coverage by providing:

> The liability of the United States ... under this subchapter or any extension thereof with respect to the injury ... of an employee is exclusive and instead of all other liability of the United States ... to the employee ... otherwise entitled to recover damages from the United States ... because of the injury ... in a direct judicial proceeding, in a civil action, or ... *under a Federal tort liability statute.*

5 U.S.C. § 8116(c) (emphasis added). Thus, for uniformity in the administration of FECA, the Secretary of Labor decides all questions arising under FECA and his or her determinations may not be reviewed by the courts. *Reep v. U.S.,* 557 F.2d 204, 207 (9th Cir.1977).

Plaintiff argues that his complaint does not fall under the FECA because the injury was not work-related. A district court may render a judgment as a matter of law when the plaintiff fails to allege any colorable claim under FECA. Otherwise, the general rule is that when a claim arguably falls under FECA, the question of coverage should be resolved by the secretary. *Figueroa v. U.S.,* 7 F.3d 1405, 1408 (9th Cir.1993), cert. denied, —— U.S. ——, 114 S.Ct. 1537, 128 L.Ed.2d 190 (1994). Therefore, if a plaintiff brings an action in federal court, but a question exists as to whether FECA might cover the claim, the court must stay its proceedings pending the final decision of the Secretary of Labor regarding FECA coverage. If the Secretary determines that the employee was injured in the performance of duty, the Secretary's decision is binding on the court, regardless whether compensation is actually awarded, and the court action must be dismissed. *Tarver v. U.S.,* 25 F.3d 900, 902–03 (10th Cir.1994).

To avoid sending a case to the Secretary of Labor for a determination under FECA, the court must essentially decide as a matter of law that the Secretary could not find FECA coverage in view of all the circumstances. *Concordia v. U.S. Postal Serv.,* 581 F.2d 439, 442 (5th Cir.1978).

The statutory test for coverage under FECA is whether the employee was injured "while in the performance of his duty." 5 U.S.C. § 8102(a). Courts interpret the language of § 8102 to include injuries arising out of a "special zone of danger created by an obligation or condition of employment." *Wright v. U.S.,* 717 F.2d 254, 257 (6th Cir. 1983). The FAA required the physical examinations on plaintiff as an obligation or condi-

tion of employment. Therefore, any alleged injuries resulting from these exams arguably arise within the plaintiff's performance of duty.

In a case comparable to the case at bar, the district court dismissed plaintiff's suit under FTCA for failure to diagnose lung cancer during annual medical examinations required for his position. Finding that the physical examinations were required for employment, the court held that any injuries incurred from the exams were sustained in the performance of duty and required an exclusive determination by the Secretary of Labor regarding FECA coverage. *Soltysiak v. U.S.*, 1991 WL 55750 (N.D.Ill.1991).

Under the facts set forth by the plaintiff in the present case, the Court cannot find as a matter of law that the Secretary of Labor could not find a colorable claim for FECA coverage under the facts put forth by the plaintiff. Therefore, the Court must either dismiss or stay this proceeding pending until plaintiff obtains a decision from the Secretary of Labor regarding coverage under FECA. A stay is necessary to prevent plaintiff from being subsequently time-barred by 28 U.S.C. § 2401, which provides a two year statute of limitations for filing all FTCA actions.

IT IS THEREFORE ORDERED that *Defendant's Motion to Dismiss* (Doc. # 6), filed January 4, 1996, should be and hereby is overruled.

IT IS FURTHER ORDERED that this action should be and hereby is stayed until plaintiff exhausts all administrative procedures for remedy under the Federal Employees Compensation Act.