**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

ANN FARLEY; DONNA L. RAMBO;
CYNTHIA LEE SHANKLIN,

      Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 97-5152

_____

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.Ct. No. 96-CV-863-CO)**

_____

Louis W. Bullock (Patricia W. Bullock and Michele T. Gehres with him on the
briefs) of Bullock & Bullock, Tulsa, Oklahoma, for Plaintiffs-Appellants.

Cathryn McClanahan (Stephen C. Lewis, United States Attorney, with her on the
brief), Assistant United States Attorney, Tulsa, Oklahoma, for Defendant-
Appellee.

_____

Before **BRORBY** and **MURPHY**, Circuit Judges, and **MARTEN**, District Judge.[*]

_____

**BRORBY**, Circuit Judge.

_____

    [*] The Honorable J. Thomas Marten, United States District Judge for the District of
Kansas, sitting by designation.

Plaintiffs-Appellants appeal from the district court order dismissing their complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[1]  Appellants filed this tort action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671 - 2680, based on alleged retaliation and outrageous conduct by their former employer, the United States Probation Office. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand with further instructions.

## I. Background

Appellants are former employees of the United States Probation Office for the Northern District of Oklahoma.  They allege their former supervisor, Chief Probation Officer Rod Baker, subjected them to various forms of sexual discrimination during the course of their employment.  As a result of these actions, Appellants contend they suffered "severe emotional injury and financial loss."  Because Appellants' former positions are not within competitive federal civil service, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e -

---

[1]  Although Appellants' argument addresses dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the district court dismissed the action for lack of subject matter jurisdiction. Thus, we review the district court's order pursuant to Fed. R. Civ. P. 12(b)(1).

2000e-17 is inapplicable. Instead, Appellants seek relief under the Federal Tort Claims Act ("Tort Claims Act"), arguing the United States is vicariously liable for Chief Baker's actions. The district court granted the government's motion to dismiss on two jurisdictional grounds. First, the court examined the merits of Appellants' tort claims and determined it lacked jurisdiction because Appellants failed to state a viable claim under the Tort Claims Act such that the United States waived its sovereign immunity. Second, the court recognized the potential applicability of the Federal Employees' Compensation Act ("Compensation Act") and determined it lacked jurisdiction absent a determination by the Secretary of Labor that the Compensation Act did not apply.

Appellants raise two arguments on appeal: (1) the district court made improper findings of fact and misapplied Oklahoma law in dismissing their tort claims; and (2) the district court has subject matter jurisdiction over their claims because no substantial question of Compensation Act applicability exists. Because we find Appellants' second argument to be determinative, we proceed directly to that issue. We review the district court's dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) *de novo*. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

II. Applicability of the Federal Employees Compensation Act

This case involves the relationship of two statutory schemes defining the liability of the United States: the Tort Claims Act and the Compensation Act. The Tort Claims Act waives sovereign immunity to allow suits against the United States for damages arising from tortious acts of government employees. 28 U.S.C. § 1346(b). The Compensation Act, on the other hand, addresses work-related injuries of federal employees. Specifically, the Compensation Act covers claims "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). An injury occurs "in the performance of duty" if it arises out of and in the course of employment. *Tarver v. United States*, 25 F.3d 900, 902 (10th Cir. 1994).

The remedies provided by the Compensation Act are exclusive and "instead of all other liability of the United States ... in a civil action ... or under a Federal tort liability statute."[2] 5 U.S.C. § 8173. If the Compensation Act applies to a particular injury, a tort action against the United States regarding those same injuries is preempted and as such the courts lack jurisdiction to hear the case. *See*

---

[2] As noted by the Supreme Court, the Compensation Act's exclusivity provision "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983).

*Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("[T]he courts have no jurisdiction over FTCA claims where ... FECA applies."); *Swafford v. United States*, 998 F.2d 837, 839-40 (10th Cir. 1993). Thus, the district court has no jurisdiction over Appellants' Tort Claims Act action if the Compensation Act covers their injuries.

The Compensation Act vests the Secretary of Labor with power to resolve any disputes regarding the scope of Compensation Act coverage. *See* 5 U.S.C. § 8145; *Swafford*, 998 F.2d at 839-40. The Secretary's decision is final and not subject to judicial review. 5 U.S.C. § 8128(b). If a plaintiff brings a Tort Claims Act action in federal court and a substantial question regarding Compensation Act coverage exists, "the court must stay its proceedings pending a final decision of the Secretary of Labor regarding FECA coverage." *Tarver*, 25 F.3d at 902-03. *See also Hudiburgh v. United States*, 626 F.2d 813, 814 (10th Cir. 1980). A substantial question regarding Compensation Act coverage exists unless it is certain the Secretary would not find coverage. *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) ("[T]o avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that ... the Secretary could not find FECA coverage." (internal quotation marks omitted)); *Bruni v. United States*, 964 F.2d 76, 79 (1st Cir. 1992).

The pivotal issue, then, is whether a substantial question regarding Compensation Act coverage exists in this case. The district court concluded a question exists, and we agree. As noted by the district court, Appellants allege their emotional distress injuries "arose during the performance of their duties as probation officers." In addition, the Secretary of Labor has determined the Compensation Act covers work-related emotional distress injuries in some instances. *See, e.g., Swafford*, 998 F.2d at 840 (emotional distress resulting from sexual harassment by coworker); *McDaniel v. United States*, 970 F.2d 194, 197 (6th Cir. 1992) (emotional distress resulting from harassment by supervisor); *Jones v. Tennessee Valley Author.*, 948 F.2d 258, 265 (6th Cir. 1991) (emotional distress resulting from harassment and intimidation by supervisors). *But see DeFord v. Secretary of Labor*, 700 F.2d 281, 290 (6th Cir. 1983) (holding that Compensation Act does not appear to cover claims for mental distress). As a result, we cannot conclude the Secretary could not find Compensation Act coverage in this case.[3] Therefore, a substantial question as to coverage exists and

---

[3] Appellants contend the Compensation Act does not apply to injuries resulting from intentional torts. However, Compensation Act applicability turns on whether the injury was suffered in the performance of the employee's duty. 5 U.S.C. §8102(a). Except for those exclusions noted in the statute, it does not matter whether the injury was caused by an intentional or negligent act. 5 U.S.C. § 8102(a)(1)-(3); *Heilman v. United States*, 731 F.2d 1104, 1111 n.6 (3d Cir. 1984) ("The fact that a tort is intentional certainly does not preclude it from being suffered while in the performance of a public employee's duty. ).

the Tort Claims Act action must be stayed pending a coverage determination by the Secretary.[4]  *Id.* at 902-03.  If the Secretary determines the Compensation Act applies, the district court lacks jurisdiction to hear the Tort Claims Act action and it must be dismissed, regardless of whether Compensation Act benefits are actually awarded.  *Id.* at 903; *Swafford*, 998 F.2d at 841.  Only if the Secretary determines the Compensation Act does not apply, may Appellants' action under the Tort Claims Act proceed.  *Id.*

## III.  Abatement

In its order, the district court acknowledged our holding in *Tarver* that a court must stay proceedings where a substantial question regarding Compensation Act coverage exists.  Nonetheless, the district court chose to dismiss the action rather than stay it.  We believe the district court erred.  Abatement is the most appropriate course of action in a situation such as this.  *Tarver*, 25 F.3d at 902-03; *Hudiburgh*, 626 F.2d at 814.  By staying the action, the district court avoids

---

[4]  Appellees argue a stay is not required because our holding in *Swafford* conclusively establishes Compensation Act coverage of emotional distress injuries. However, that case merely acknowledged the Secretary of Labor's findings regarding that particular plaintiff.  *Swafford*, 998 F.2d at 841.  As we emphasized in *Swafford*, "[t]he Secretary of Labor, not the Tenth Circuit, has the final say as to the scope of FECA."  *Id.* We are not inclined to predict the Secretary of Labor's decision on the particular facts of this case.

running the Tort Claims Act statute of limitation and leaving plaintiffs remediless.[5] *Concordia v. United States Postal Service*, 581 F.2d 439, 444 (5th Cir. 1978).

The district court also found Appellants failed to allege a viable tort claim against the United States. Because the Compensation Act may ultimately supplant Appellants' Tort Claims Act action and deprive the district court of jurisdiction to hear the case, the court's evaluation of the tort claims was premature. *See Southwest Marine*, 502 U.S. at 90; *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995) (noting the Compensation Act's "judicial door-closing provision" may deprive the district court of subject matter jurisdiction to hear a Tort Claims Act action). We therefore express no opinion as to those findings. Accordingly, the judgment of the district court is **REVERSED**, and the case is **REMANDED** to the district court with directions to reinstate the Tort Claims Act suit and order it held in abeyance pending Appellants' pursuit of the claim under the Compensation Act.

---

[5] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b)