**Alex S. McCAULEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 98–2538–JWL.**

United States District Court, D. Kansas.

June 2, 1999.

Jeffrey Axelrad, Paul F. Figley, U.S. Department of Justice Civil Division, Washington, DC, Jean Paul Bradshaw, II, Lathrop & Gage L.C., Kansas City, MO, for Alex S McCauley, plaintiffs.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff, an employee of the United States Bureau of Alcohol, Tobacco and Firearms, filed this tort action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) & 2671 et seq., based on alleged intentional infliction of emotional distress by his supervisors. This matter is presently before the court on defendant's motion to dismiss plaintiff's complaint (doc. # 3) pursuant to Fed.R.Civ.P. 12(b)(1). Defendant asserts two separate grounds for dismissal. First, defendant maintains that this court lacks jurisdiction over plaintiff's claim because plaintiff's alleged injuries are covered by the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq. Second, defendant maintains that plaintiff's claim is preempted by the Civil Service Reform Act (CSRA), 5 U.S.C. § 1101 et seq. As set forth in more detail below, defendant's motion to dismiss is denied. The court concludes, however, that this action should be held in abeyance pending plaintiff's pursuit of his claim under FECA.[1]

## I. Background[2]

In September 1988, plaintiff began working as a Special Agent for the Bureau of Alcohol, Tobacco and Firearms (ATF) in Kansas City, Kansas. In February 1995, plaintiff assumed the position of Resident Agent in Charge (RAC) for the Oklahoma Field Office of ATF. The Oklahoma Field Office of ATF is located in the Alfred P. Murrah Federal Building in Oklahoma City, Oklahoma. On April 19, 1995, plaintiff was in the Murrah Building when a bomb exploded outside the building. Although plaintiff safely exited the building, he suffered extreme trauma and stress in the aftermath of the tragedy, particularly in light of his efforts to rescue others from the building. After the bombing, plaintiff began utilizing the counseling services of a "peer support" program offered by ATF to its employees who were suffering from

---

1. In light of its resolution of the threshold jurisdictional issue, the court refrains from engaging in an analysis of whether the CSRA preempts plaintiff's claim under the Tort Claims Act.

2. The facts presented here are taken from plaintiff's complaint.

emotional distress in connection with the bombing.

In early June 1995, plaintiff's supervisors, Special Agent in Charge Lester D. Martz and Assistant Special Agent in Charge Robert H. Valadez, Jr., summoned plaintiff to the Dallas Field Office of ATF for a meeting. Upon plaintiff's arrival in Dallas, Mr. Martz advised him that he had been brought to Dallas "to get his mind straight." According to plaintiff, Mssrs. Martz and Valadez interrogated plaintiff about his participation in the peer support program and told plaintiff that he could not leave Dallas until his "thought process [was] the same as [theirs]." Finally, plaintiff alleges that Mssrs. Martz and Valadez suggested that plaintiff should resign his position as a Resident Agent in Charge. According to plaintiff, he resigned his position because of the pressure placed on him by Mssrs. Martz and Valadez. Subsequently, plaintiff returned to Kansas City to work as a Special Agent. Although it is not entirely clear from his complaint, plaintiff apparently retired from ATF in December 1997 on medical disability.

In his complaint, plaintiff alleges that Mssrs. Martz and Valadez intentionally or recklessly inflicted emotional distress upon him. In addition to his complaint here, plaintiff filed a workers' compensation claim under the Federal Employees' Compensation Act (FECA) with the Department of Labor for the post-traumatic stress disorder suffered by plaintiff as a result of the bombing. Plaintiff is currently receiving benefits under that Act.[3]

## II. Discussion

Defendant moves to dismiss plaintiff's action under the Federal Tort Claims Act on the grounds that plaintiff's alleged injuries for emotional distress are covered by the Federal Employees' Compensation Act, an Act which provides the exclusive remedy for such injuries. The resolution

of defendant's motion, then, turns on the relationship between the two statutory schemes—a relationship recently analyzed by the Tenth Circuit in *Farley v. United States*, 162 F.3d 613 (10th Cir.1998). The court looks to the *Farley* decision for guidance here.

▪ As the Tenth Circuit explained in *Farley*, the Tort Claims Act "waives sovereign immunity to allow suits against the United States for damages arising from tortious acts of government employees." *See Farley*, 162 F.3d at 615 (citing 28 U.S.C. § 1346(b)). The Compensation Act, on the other hand, "addresses work-related injuries of federal employees." *Id.* Specifically, the Compensation Act covers claims "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." *Id.* (citing 5 U.S.C. § 8102(a)). An injury occurs "in the performance of duty" if it arises "out of and in the course of employment." *Id.* (citing *Tarver v. United States*, 25 F.3d 900, 902 (10th Cir.1994)).

▪ The Tenth Circuit also emphasized that the remedies provided by the Compensation Act are exclusive and "instead of all other liability of the United States . . . in a civil action . . . or under a Federal tort liability statute." *Id.* (citing 5 U.S.C. § 8173). In other words, if the Compensation Act applies to a particular injury, a tort action against the United States regarding those same injuries is preempted and the courts lack jurisdiction to hear the case. *Id.* (citing *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991) ("[T]he courts have no jurisdiction over FTCA claims where . . . FECA applies."); *Swafford v. United States*, 998 F.2d 837, 839–40 (10th Cir. 1993)). Thus, this court has no jurisdiction over plaintiff's Tort Claims Act action if the Compensation Act covers his injuries. *See id.*

---

**3.** Plaintiff's claim for benefits under FECA was based only on the trauma suffered by plaintiff as a result of the bombing. In contrast, his claim under the Federal Tort Claims

Act is based on the emotional distress suffered by plaintiff as a result of the alleged conduct of his supervisors.

■ Finally, the court in *Farley* reiterated that the Compensation Act vests the Secretary of Labor with the power to resolve any disputes regarding the scope of Compensation Act coverage. *See id.* (citing 5 U.S.C. § 8145; *Swafford*, 998 F.2d at 839–40). The Secretary's decision is final and not subject to judicial review. *Id.* (citing 5 U.S.C. § 8128(b)). If a plaintiff brings a Tort Claims Act action in federal court and a substantial question regarding Compensation Act coverage exists, "the court must stay its proceedings pending a final decision of the Secretary of Labor regarding FECA coverage." *Id.* (quoting *Tarver*, 25 F.3d at 902–03). A substantial question regarding Compensation Act coverage exists unless it is certain the Secretary would not find coverage. *Id.* at 615–16 (citing *White v. United States*, 143 F.3d 232, 234 (5th Cir.1998) ("[T]o avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that ... the Secretary could not find FECA coverage."); *Bruni v. United States*, 964 F.2d 76, 79 (1st Cir. 1992)).

■ The pivotal issue, then, is whether a substantial question regarding Compensation Act coverage exists in this case. The court concludes that a substantial question of coverage exists. Plaintiff alleges that his emotional distress injuries arose during the course of his employment. In addition, the Secretary of Labor has determined that the Compensation Act covers work-related emotional distress injuries in some instances. *See, e.g., Swafford*, 998 F.2d at 840 (emotional distress resulting from sexual harassment by coworker); *McDaniel v. United States*, 970 F.2d 194, 197 (6th Cir.1992) (emotional distress resulting from harassment by supervisor). As a result, the court cannot conclude that the Secretary would not find Compensation Act coverage in this case. Therefore, a substantial question as to coverage exists and the Tort Claims Act action must be stayed pending a coverage determination by the Secretary. *See Farley*, 162 F.3d at 616 (citing *Tarver*, 25 F.3d at 902–03).[4] If the Secretary determines that the Compensation Act applies, the court lacks jurisdiction to hear plaintiff's Tort Claims Act action and the case must then be dismissed, regardless of whether Compensation Act benefits are actually awarded. *See id.* (citations omitted). Only if the Secretary determines that the Compensation Act does not apply may plaintiff's action under the Tort Claims Act proceed. *See id.* (citations omitted).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. # 3) is **denied.** This case is stayed pending the Secretary of Labor's determination of coverage under the Federal Employees' Compensation Act.

**IT IS SO ORDERED.**

---

**4.** As the Tenth Circuit cautioned in *Farley,* abatement is the most appropriate course of action because the "district court avoids running the Tort Claims Act statute of limitation and leaving plaintiff[ ] remediless." *See Farley,* 162 F.3d at 616 (footnote omitted).