**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES E. MILLER,

 Plaintiff-Appellant,

v.

V.A. MEDICAL CENTER,

 Defendant-Appellee.

No. 00-7112
(D.C. No. 00-CV-12-BU)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

 Plaintiff seeks review of the district court's dismissal of his action for failure to state a claim upon which relief can be granted. See Fed. R. Civ.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review the district court's grant of a Rule 12(b)(6) motion de novo. Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

Plaintiff initiated this matter by filing a one-page pleading entitled "Statement of Complaint," in which he claimed unspecified damages because of exposure to asbestos while he was employed at a Veteran's Administration (VA) hospital. The government moved to dismiss the case, arguing that plaintiff's remedies, if any, lay not under the Federal Torts Claims Act (FTCA), but under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101-8152.

The FECA was designed to protect the government from suit under statutes such as the FTCA by providing a compensation mechanism for federal employees (much like workers' compensation) "regardless of fault and without need for litigation, but in turn they lose the right to sue the Government." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983). Moreover, "if the employee was injured in the performance of duty, the Secretary [of Labor]'s decision regarding coverage will be binding on the court, regardless of whether compensation is actually awarded." Swafford v. United States, 998 F.2d 837, 841 (10th Cir. 1993).

Specifically, 5 U.S.C. § 8116 provides, in part, that

(c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding . . . under a Federal tort liability statute.

In sum, "the courts have no jurisdiction over FTCA claims where the Secretary [of Labor] determines that FECA applies." Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991). This is because administrative decisions under the FECA are "final and conclusive for all purposes" and "not subject to review by another official of the United States or by a court. . . ." 5 U.S.C. § 8128(b). See Farley v. United States, 162 F.3d 613, 615 (10th Cir. 1998); Swafford, 998 F.2d at 839-40.

The record in this case reflects that plaintiff sought relief under the provisions of the FECA and that his claim was denied for failure to supply rationalized medical opinion evidence establishing a causal relationship between the diagnosed condition and the employment factors identified by the plaintiff. This court cannot review the Secretary's decision to deny compensation under the FECA. See Tarver v. United States, 25 F.3d 900, 903 n.3 (10th Cir. 1994). The FECA is an injured employee's exclusive remedy. See Cobia v. United States, 384 F.2d 711, 712 (10th Cir. 1967). Plaintiff's argument that he can pursue a

-3-

cause of action under the FTCA because he is "dissatisfied with the action taken on [his FECA] claim," R. Doc. 10, is legally incorrect.

The order of the district court dismissing this action for failure to state a claim upon which relief can be granted is AFFIRMED. Defendant's motion for summary disposition is denied as moot. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge