**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM O. TIPPETTS,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 01-4047

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:00-CV-570-J)**

---

Submitted on the briefs:

David J. Holdsworth, Sandy, Utah, for Plaintiff-Appellant.

Paul M. Warner, United States Attorney, Carlie Christensen, Assistant United States Attorney, Salt Lake City, Utah, for Defendant-Appellee.

---

Before **EBEL**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

**EBEL**, Circuit Judge.

William O. Tippetts appeals the district court's dismissal of his claims for invasion of privacy and intentional infliction of emotional distress arising from his employment with the United States Postal Service. The district court granted the government's motion to dismiss based on the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101-8152, and the Civil Service Reform Act (CSRA), Pub. L. No. 95-454, 92 Stat. 111 (codified as amended in various sections of 5 U.S.C.). We exercise jurisdiction under 28 U.S.C. § 1291, and reverse and remand. [1]

## I. Background

Mr. Tippetts worked for the Postal Service for several years. In 1997, the Postal Service investigated his medical records relative to his workers' compensation claim. During that investigation, Postal Service personnel erroneously reported Mr. Tippetts' past military records as containing a diagnosis of major depression *with* psychotic features, when, in fact, Mr. Tippetts' medical records clearly indicated a "[h]istory of major depression *without* psychotic features, secondary to physical injuries." Apparently the Postal Service, having misread the records, viewed Mr. Tippetts' employment application as fraudulent

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2

because Mr. Tippetts had not revealed depression *with* psychotic features. On July 2, 1997, Mr. Tippetts was placed on administrative leave, but he was not informed of the reason and he was never told during his leave period why he had been suspended. During the three and one-half months he was on administrative leave, he was required to call in to work every day, but no work was ever available for him. Also during the period he was on administrative leave, Mr. Tippetts alleges that Postal Service management personnel stated to his coworkers that he was psychotic. In October 1997, Mr. Tippetts' employment with the Postal Service was terminated. He appealed his termination to the Merit Systems Protection Board, and in January 1998, a written settlement agreement was entered whereby Mr. Tippetts' employment was reinstated and he was awarded some back pay. Mr. Tippetts returned to work in January, but the back pay was not paid until July 1998.

Mr. Tippetts filed this lawsuit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, alleging that the actions by Postal Service management personnel caused him emotional distress and financial losses. In addition, he asserted that in investigating and revealing his private medical records, his right to privacy was violated. The government moved to dismiss, claiming the court was without jurisdiction by virtue of the CSRA and the FECA.

Following a hearing, the district court granted the motion to dismiss and entered judgment against Mr. Tippetts.

On appeal, Mr. Tippetts pursues his claims for invasion of privacy, and intentional infliction of emotional distress. [2] We review de novo the dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Farley v. United States, 162 F.3d 613, 615 (10th Cir. 1998). For the reasons discussed below, we hold that Mr. Tippetts' claim of intentional infliction of emotional distress presents a substantial question of coverage by the FECA and, therefore, must be evaluated by the Secretary of Labor (Secretary) before it can be presented to the court. We further hold that under the circumstances of this case, Mr. Tippetts' invasion-of-privacy claim should also be evaluated by the Secretary for a determination of FECA coverage.

---

[2] Mr. Tippetts also seeks a remedy for his financial losses resulting from being placed on administrative leave and discharged. It appears from his complaint that these losses are characterized as part of his damages for the alleged intentional infliction of emotional distress. If he is attempting to appeal or enforce the settlement agreement, he has not provided sufficient argument and authority to demonstrate his entitlement to relief from this court. See Perry v. Woodward, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (This court "will not craft a party's arguments for him.").

4

## II. Intentional Infliction of Emotional Distress

The Federal Employees' Compensation Act is a workers' compensation plan for federal government employees. 20 C.F.R. § 10.0. It provides that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). If a claim is covered by the FECA, the court is without jurisdiction to consider its merits. Swafford v. United States, 998 F.2d 837, 839 (10th Cir. 1993) (citing Cobia v. United States, 384 F.2d 711, 712 (10th Cir. 1967)). The Secretary's determination that the FECA applies forecloses an FTCA claim, 5 U.S.C. § 8116(c); see also Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) ("[T]he courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies."); Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983) (noting FECA's exclusive-liability provision guarantees employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."). If the FECA applies, the FTCA claim must be dismissed even if benefits are not actually awarded by the Secretary. Farley, 162 F.3d at 616.

The Secretary must determine, as an initial matter, whether a claim falls within the purview of the FECA. Id. When a claim is presented to the court

5

without having first been submitted to the Secretary for a ruling on FECA coverage, the court must permit the Secretary to evaluate the claim if there is a substantial question that FECA coverage exists. Farley, 162 F.3d at 616. "A substantial question regarding [FECA] coverage exists unless it is certain the Secretary would not find coverage." Id. at 615-16.

Mr. Tippetts argues that emotional distress does not qualify as "personal injury" covered by the FECA. See 5 U.S.C. § 8102(a). There is some support for this position. See Sheehan v. United States, 896 F.2d 1168, 1174 (9th Cir.) ("FECA compensates government employees only for physical harm."), modified on other grounds, 917 F.2d 424 (9th Cir. 1990); cf. DeFord v. Sec'y of Labor, 700 F.2d 281, 290 (6th Cir. 1983) (suggesting that FECA does not cover mental distress for intentional discrimination). Circuit precedent, however, directs a finding that Mr. Tippetts' claim for intentional infliction of emotional distress presents a substantial question of FECA coverage. Farley, 162 F.3d at 615-16 (claiming emotional distress resulting from sexual discrimination); Swafford, 998 F.2d at 838 (claiming emotional distress from sexual harassment by another employee); accord Bennett v. Barnett, 210 F.3d 272, 274, 278 (5th Cir. 2000) (claiming emotional distress from on-the-job harassment); McDaniel v. United States, 970 F.2d 194, 195-97 (6th Cir. 1992) (Secretary determined that claimant's emotional injuries caused by supervisor's harassment were covered by

6

FECA); see generally Andrew M. Campbell, Annotation, Federal Compensation Acts, In Nature of Workers' Compensation Acts, As Affecting Recovery Against United States Under Federal Tort Claims Act, 135 A.L.R. Fed. 403 (1996).

Mr. Tippetts also argues that the FECA does not apply to him because he was not performing any work duties during the time his emotional-distress claim accrued by virtue of the fact that he was on administrative leave. It is for the Secretary to determine whether an injury occurred during the employee's performance of his duty. Tarver v. United States, 25 F.3d 900, 903 (10th Cir. 1994). To the extent Mr. Tippetts claims his suffering and financial hardship after his employment was terminated are outside FECA coverage, we look to whether the claim arose from the employment context. Id.; cf. Lombardi v. Small Bus. Admin., 889 F.2d 959, 961 (10th Cir. 1989) (holding CSRA controlled plaintiff's claims which arose as result of employment relationship).

Mr. Tippetts further maintains that because his claim is for intentional, rather than negligent, acts, the FECA does not apply. But the FECA's "applicability turns on whether the injury was suffered in the performance of the employee's duty. Except for those exclusions noted in the statute, [which do not apply here,] it does not matter whether the injury was caused by an intentional or negligent act." Farley, 162 F.3d at 616 n.3. Moreover, the fact that Mr. Tippetts' emotional distress was not accompanied by physical manifestations or emotional

7

illness does not remove the question from the Secretary's purview. See, e.g. , id. at 614-15 (claiming emotional injury; no claim of illness or physical injury).

Accordingly, because we have determined that there is a substantial question that Mr. Tippetts' claim of intentional infliction of emotional distress is covered by the FECA, we must remand to the district court with instructions to reinstate the claim and to abate the proceedings pending a determination by the Secretary whether it is covered by the FECA. Farley , 162 F.3d at 616; Hudiburgh v. United States , 626 F.2d 813, 814 (10th Cir. 1980).

We are aware that the statute of limitations may have run on this claim. 5 U.S.C. § 8122(a) (requiring claims to be filed within three years after injury). The Secretary has the discretion, however, to waive the limitations period. Id. § 8122(d)(3). We decline to predict whether the Secretary would exercise that discretion, but even if she rules that the claim is filed too late, she must determine whether the claim falls within FECA coverage. See Concordia v. United States Postal Serv. , 585 F.2d 731, 732 (5th Cir. 1978). This determination is for the Secretary and must be made in order to permit the court to know whether to entertain Mr. Tippetts' emotional-distress claim under the FTCA. If the FECA does not cover this claim, the district court may find that it is preempted by the CSRA, but it is premature to evaluate the claim before the Secretary has ruled. See Farley , 162 F.3d at 616.

### III. Invasion of Privacy

Mr. Tippetts alleges that his right to privacy was violated by Postal Service supervisory personnel when they investigated his medical file, conveyed false information to other Postal Service supervisors, placed him on administrative leave, and required him to call in every day even though there was no work for him.[3] He also alleges that supervisors told his coworkers he was "psychotic," which we characterize as a claim of defamation.

We are aware of no cases holding that a claim of invasion of privacy or defamation is covered by the FECA. Similarly, we know of no cases clearly holding that these claims are not covered. The parties have not provided arguments and authorities on this point. Therefore, we decline to say whether Mr. Tippetts' invasion-of-privacy and defamation claims present a substantial question of FECA coverage. But because these claims are closely related to his emotional-distress claim and they arise from the same facts, we determine that it is prudent to transfer these claims to the Secretary for an initial determination of whether they are covered by the FECA. If she determines they are not covered, then the claims will again be before the district court. As with the

---

[3] We assume, without deciding, that Mr. Tippetts could make a prima facie case of one or more of the four types of invasion of privacy recognized under Utah law. See Stien v. Marriott Ownership Resorts, Inc., 944 P.2d 374, 377-80 (Utah Ct. App. 1997) (discussing four privacy torts).

9

emotional-distress claim, we do not yet assess whether the CSRA would preempt the claims of invasion of privacy and defamation. Accordingly, we remand Mr. Tippetts' invasion-of-privacy and defamation claims to the district court with instructions to reinstate them and to abate the proceedings pending a determination by the Secretary whether they are covered by the FECA. Even if the Secretary determines that the limitations period has expired, she must determine whether the claims fall within FECA coverage.

## IV. Conclusion

Mr. Tippetts' claim of intentional infliction of emotional distress presents a substantial question of FECA coverage and, therefore, must be submitted to the Secretary for a determination of coverage. Although the issue of FECA coverage is uncertain for his claims of invasion of privacy and defamation, under the circumstances of this case, we determine that it is most efficient to obtain a coverage ruling from the Secretary in conjunction with her ruling on the emotional-distress claim. Even if the Secretary determines that the statute of limitations has run on the claims, she must announce whether she would have taken jurisdiction if the statute if the limitations period had not expired. The district court's order dismissing Mr. Tippetts' case is REVERSED and REMANDED with instructions to reinstate it, but hold it in abeyance, pending a determination by the Secretary.