**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARGUERITE MEYERS,

     Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
HUMAN SERVICES, Division of
Vocational Rehabilitation; PEG
SCHMITZ, M.A., C.R.C.; KEN
SCHMIDT, Ph.D.; MICHAEL CLINE;
KAMELA BROWN; CYNDY
WYMER; GARY ANGERHOFER,

     Defendants - Appellees.

No. 02-1054
D.C. No. 01-D-713
(D. Colorado)

---

ORDER AND JUDGMENT   *

---

Before **KELLY** and **BALDOCK** , Circuit Judges, and   **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro se appellant Marguerite Meyers brought this action against Colorado's Division of Vocational Rehabilitation (DVR), the State of Colorado, and certain individuals, alleging that the defendants discriminated against her on the basis of her physical disabilities, dyslexia, bipolar disorder, and Caucasian race. The magistrate judge and district court interpreted the action as arising under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12165, and 42 U.S.C. § 1983. The defendants moved to dismiss, and the district court granted their motion, partially accepting and partially rejecting the magistrate judge's report and recommendation.

A motion to dismiss based on immunity is treated as a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and we review the district court's decision de novo. *Tippetts v. United States*, 308 F.3d 1091, 1093-94 (10th Cir. 2002). We also review de novo the district court's determination of a 12(b)(6) motion to dismiss for failure to state a claim, taking all well-pleaded facts as true. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). We may affirm for any basis supported in the record. *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002).

As the magistrate judge and district court concluded, Ms. Meyers' claims under Title II of the ADA asserted against the State of Colorado and the individual defendants in their official capacities are barred by the Eleventh Amendment. *Thompson v. Colorado*, 278 F.3d 1020, 1034 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 1960 (2002). However, Ms. Meyers may still assert ADA claims against defendants in their individual capacities, so long as she states a claim.

To state a claim for a violation under Title II of the ADA, a plaintiff must allege (1) that she is a qualified individual with a disability; (2) that she was excluded from the benefits or services of a public entity; and (3) that her exclusion was by reason of her disability. *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (quoting 42 U.S.C. § 12132). Assuming that Ms. Meyers is a qualified individual with a disability, she has not alleged that she was excluded from services on the basis of her disability. The ADA "requires that public entities make certain accommodations for the disabled in order to ensure their access to government programs." *Thompson*, 278 F.3d at 1028. Here, Ms. Meyers was found eligible for DVR services, and DVR personnel worked with her on her employment goals. While she did not have the ultimate outcome she desired, Ms. Meyers has not alleged that she was excluded from services. Further, the DVR was assigned with the task of assessing Ms. Meyers' abilities

-3-

and recommending and facilitating employment options based on that assessment. Thus, while Ms. Meyers alleges that she and DVR personnel disagreed in the assessment of her abilities, this does not support the conclusion that any denial or delay of services was based on the fact that she was disabled. Conclusory allegations to the contrary are not sufficient to survive 12(b)(6) dismissal. *See Ruiz*, 299 F.3d at 1181.

Regarding Ms. Meyers' Rehabilitation Act claims, she did allege that DVR received federal funds under the act, which would operate to waive immunity. *See Robinson v. Kansas*, 295 F.3d 1183, 1188-89 (10th Cir. 2002) (holding that abrogation was irrelevant in light of the fact that Kansas had waived its immunity by accepting federal funds under the Rehabilitation Act). But these claims nonetheless fail.

First, Ms. Meyers may not obtain compensatory damages from the state or official capacity defendants under the Rehabilitation Act without showing intentional discrimination, and she made no such allegation. *See Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1153 (10th Cir. 1999) (entitlement to compensatory damages under § 504 of the Rehabilitation Act requires proof of intentional discrimination). Second, the allegations supporting Ms. Meyers' claim for injunctive relief fail to state a claim for the same reasons discussed with reference to the ADA claims. Section 504 of the Rehabilitation Act closely

parallels Title II of the ADA and similarly requires that, to be liable, a public entity must have denied services to a plaintiff because of the plaintiff's disability. *See Woodman v. Runyon*, 132 F.3d 1330, 1338 (10th Cir. 1997). This was simply not alleged in this case.

Regarding Ms. Meyers' claims under § 1983, the magistrate judge and district court properly concluded that neither the state nor state officials sued in their official capacities are considered "persons" under § 1983 and therefore Ms. Meyers' § 1983 claims against these defendants must fail. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, while state officials may be sued in their individual capacities under § 1983, they may still be protected by qualified immunity–i.e., they are only liable if their actions violated a clearly-established constitutional or statutory right. *Roska v. Peterson*, 304 F.3d 982, 989 (10th Cir. 2002). The first step of the qualified immunity inquiry is to determine if a rights violation has been alleged. *Id.*

The magistrate judge and district court correctly concluded that Ms. Meyers' equal protection claim fails because she has not shown that she was treated differently than another similarly situated individual. *See Crider v. Bd. of County Comm'rs*, 246 F.3d 1285, 1288 (10th Cir.) (plaintiffs failed to state an equal protection claim where they did not allege that they were similarly situated to others who received different treatment), *cert. denied*, 122 S. Ct. 205

(2001).  In addition, to the extent her complaint could be liberally construed as alleging a due process violation (i.e., because the DVR failed to develop Ms. Meyers' individualized employment plan within the time specified by DVR regulations), there is no property interest in a state agency adhering to its own procedural regulations.  *See Bunger v. Univ. of Okla. Bd. of Regents*, 95 F.3d 987, 990-91 (10th Cir. 1996) (no property interest in having University follow its own procedural regulations).

For these reasons, we AFFIRM the dismissal of Ms. Meyers' claims.  Ms. Meyers' motion to proceed in forma pauperis is granted.

Entered for the Court

Bobby R. Baldock
Circuit Judge